## George H. Thurstin v. Ransom C. Luce.

*Exceptions—Do not apply to interlocutory proceedings in civil cases—Depositions—Defendant's witness may be cross-examined for purpose of rebutting defendant's anticipated case—Laches—Not chargeable to minor for neglecting to bring suit during minority to recover damages for personal injuries inflicted years before suit is brought—But jury should be cautioned to scrutinize the case closely—Proofs cannot be as full and reliable as if made soon after the occurrence—Suit for damages for permanent disability resulting, as alleged, from an assault made years prior to its commencement—Producing immediate and specified injuries and suffering, and confining plaintiff to his bed for several succeeding days—If jury find that he was in school on the days named, he cannot recover—School register showing such attendance not conclusive evidence— Yet if shown to have been made in the ordinary course of duty, in absence of evidence of having been tampered with, is entitled to great weight.*

1. Where after a case was called for trial, and during such trial, plaintiff, with the defendant's assent, was permitted to examine witnesses to ascertain the whereabouts of one of his witnesses who had suddenly absented herself, for the purpose, as alleged, of securing her presence at such trial, which was secured and her testimony taken, and the defendant assigns as error the action of the court in permitting said witnesses to be examined in the *manner* stated,—

   *Held*, that the questions thus presented do not properly come before the Court, as exceptions in civil cases do not apply to interlocutory disputes.

2. In taking the deposition of a witness in behalf of the defendant, the plaintiff, on cross-examination, elicited testimony which was offered on the trial in rebuttal of defendant's case.

   *Held*, that there would be no other way to examine an absent witness, if it could not be done by anticipation, as it would be too late to take his deposition after the trial commenced; and that it was proper to examine such witness fully on all parts of the case, whether rebutting or direct.

3. Plaintiff, soon after attaining his majority, sued defendant to recover damages for an assault and battery committed upon him by defendant when plaintiff was twelve years old.

   *Held*, that defendant's request (see note, page 297) was properly refused; that while it was proper for the court to caution the jury more fully than was done upon the necessity of scrutinizing the case very closely, because from lapse of time the proofs could not be as full or reliable as if made soon after the occurrence, yet the plaintiff, while

having the burden of proof to establish his case, with all the additional weight which such delay cast upon him, could not be treated as at fault for not bringing suit when under disability.

4. Plaintiff sued defendant to recover damages for an assault and battery committed upon him some years previous, producing, as alleged, *specified* injuries *at once*, and such as led to *immediate* severe suffering and disability, of which the ultimate mischief complained of was a direct result, and his case, as made out by his witnesses, was confined to *such* theory, their testimony tending to show that plaintiff was confined to his bed the *day after* the assault, and for some days thereafter. Defendant produced in evidence certain school rolls showing plaintiff's presence at school on the day *after* the injury, and on several days, when he and some of his witnesses testified that he was in bed.

*Held*, that the court should have instructed the jury that if plaintiff attended school as shown by said rolls he could not recover.

*Held*, further, that while such rolls were not conclusive in themselves as against all other evidence, yet when shown to have been made in the ordinary course of duty, in the absence of any testimony that they had been tampered with, they were entitled to great weight.

Error to Superior Court of Grand Rapids. (Parrish, J.) Argued April 22, 1886. Decided May 6, 1886.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Godwin & Earle* and *John W. Stone*, for appellant:

The school record was of that class of evidence termed " official registers," and was entitled to an extraordinary degree of confidence : 1 Greenleaf on Ev. §§ 483, 493-6.

As to the *conclusiveness* of such register as evidence in this case, see *Huntly v. Comstock*, 2 Root, 99 ; and such register was the *best* evidence of the fact sought to be established : *Belk v. Meagher*, 3 Montana, 65 ; 3 Starkie on Ev. 996, 1044 (star paging) ; *People v. Zeyst*, 23 N. Y. 140.

It is a well-settled rule that where the law requires the evidence of a transaction to be in writing, oral testimony cannot be substituted so long as the writing exists and can be produced ; and this rule applies as well to the transactions of public bodies and officers as to those of individuals : 1 Greenleaf on Ev. §§ 86, 470-9, 489, 493 ; *Owings v. Speed*, 5 Wheat. 420 ; *Denning v. Roome*, 6 Wend. 651 ; *Taylor v. Henry*, 2 Pick. 397 ; *Monaghan v. School District No. 1*,

38 Wis. 100; *Cabot v. Britt*, 36 Vt. 349; *Benninghoof v. Finney*, 22 Kerr (Ind.) 101; *Hedrick v. Hughes*, 15 Wall. 123; *Fitzgerald.v. Adams*, 9 Ga. 471.

Said register was required to be kept by statute: Comp. Laws 1871, § 3616; Vol. 3, Laws of 1871, § 18, p. 58.

That such records exclude parol testimony, see *Gale v. Currier*, 4 N. H. 169.

Counsel must confine their arguments to the *facts* brought out in *evidence*: *People v. Dane*, 59 Mich. 552; *Brow v. State*, 103 Ind. 133; *State v. Lee*, 66 Mo. 166; *Dickerson v. Burke*, 25 Ga. 225; *Union Ins. Co. v. Cheever*, 36 Ohio St. 201; *Cleveland Paper Co. v. Banks*, 15 Neb. 20.

It is error to suffer counsel to comment even upon facts pertinent to the issue, if not in evidence: *Brown v. Swineford*, 44 Wis. 282; *Bill v. People*, 14 Ill. 432; *Kennedy v. People*, 40 Id. 489; *Yoe v. People*, 49 Id. 410; *Thompson v. State*, 43 Tex. 268; *Willis v. McNeill*, 57 Id. 465; *Berry v. State*, 10 Ga. 522; yet this was done at great length by counsel for the plaintiff; nor is it permissible to appeal to the prejudice of the jury by statements foreign to the case: *Ferguson v. State*, 49 Ind. 33; *State v. Smith*, 75 N. C. 306; yet this was done throughout the entire closing argument of plaintiff's attorney.

*L. A. Ward* and *N. A. Earle*, for plaintiff:

The exclusion of witnesses from the court-room during the trial of a case is always a matter within the discretion of the trial judge, and cannot be claimed as a matter of right: 1 Greenleaf, Ev. (14th ed.) § 432, and cases cited; 1 Starkie, Ev. (5th Am. ed.) 140 (n. 1); *Thomas v. State*, 27 Ga. 287; *Binfield v. State*, 15 Neb. 484.

The questions asked the witness Stearns were proper cross-examination. He had testified as to plaintiff's troubles, diseases, and ailments from 1877 to 1882, and that he was his attending physician (*Chandler v. Allison*, 10 Mich. 460; *D. & M. R. R. Co. v Van Steinburg*, 17 Id. 99; *Throop v. N. A. Fire Ins. Co.*, 19 Id. 423; *Turner v. Grand Rapids*, 20 Id. 390; *Haynes v. Ledyard*, 33 Id. 319; *Jacobson v. Metzger*, 35 Id. 103; *People v. Barker*, 60 Id. 277); and, more than this, both questions were eminently proper on rebuttal, in view of the testimony of the defense.

[The questions were as follows:
*Q.* "Did you class his varicocele as a painful one?"
*Q.* "Did you ever see anything in the treatment of the boy, or learn from him or any other person, any facts which led you to believe or think that he was or had been addicted to the habit of masturbation?"—REPORTER.]

Laches are not imputable to a minor, or other person incompetent to act in his own behalf, in not bringing suit during such disability : *Dragoo v. Dragoo*, 50 Mich. 575 ; and, see *Gamble v. Folsom*, 49 Id. 147–8.

The *weight* and *effect* of the evidence are *solely* for the jury : *G. R. & I. R. R. Co. v. Judson*, 34 Mich. 507 ; *Hall v. People*, 39 Id. 718 ; *Conely v. McDonald*, 40 Id. 150 ; *M. C. R. R. Co. v. Gilbert*, 46 Id. 176 ; *Winchester v. King*, 48 Id. 281.

CAMPBELL, C. J. This suit was brought by plaintiff, soon after he became of age, to recover damages from defendant for an assault and injury to his person, alleged to have been committed when he was twelve years old, and to have produced varicocele and other attendant personal difficulties of a very serious and permanent character. The testimony tends to show that plaintiff is, and for several years has been, in a bad way. The chief contention is whether defendant injured him seriously, and whether the present troubles can be traced to an assault, as claimed. There is no dispute but that, at the time and place in question, plaintiff was in the building of defendant, where an exhibition was to be held in the evening ; and that defendant, considering him to be there for mischief, applied some force to make him leave the building, but he denies any serious force or any injury. Plaintiff swears to such a degree of violence by kicking and throwing him down stairs as to cause immediate and permanent painful injury, which is incurable.

After so great a lapse of time, with no action brought in the meantime by his mother, who was entitled to his wages, and, if his case is believed, was put to much trouble and expense, there is necessarily a good deal of difficulty in getting at the truth. It cannot be said, however, that plaintiff is responsible for the delay, as he could not have sued earlier himself, although in any old controversy the facts should be scrutinized very closely. The case has been twice tried, and at the second trial the damages, although large, were considerably reduced from the very large verdict given at the first trial.

The issues were not numerous, and the questions presented by the record all relate to a few matters.

Before the trial there was a controversy concerning the absence of certain witnesses, and the circumstances under which it occurred.[1] The questions presented upon this do not properly come up, as exceptions in civil cases do not apply to interlocutory disputes.

The declaration seems to us broad enough to cover any of the injuries sought to be shown on the trial, and there was no error in admitting proof of them; and we do not think the court went beyond its discretionary power in allowing a witness, Dr. Stearns, whose deposition was taken, to be examined fully on all parts of the case, whether rebutting or direct. It would be too late to take a deposition after the trial has begun, and there would be no other way of examining an absent witness if it could not be done by anticipation.

The court was asked to make a charge concerning delay in suing, which was entirely too broad. It would have been improper to charge the jury, as asked, that the delay was a circumstance tending to show that no such serious injury or damage was ever done to the plaintiff. The court would have been authorized to caution the jury more fully than was done upon the necessity of scrutinizing a case very closely where, from lapse of time, proofs can never be so full or reliable as when the case is fresh; but the plaintiff, although he has the burden of proof, and must take it with all the additional

---

[1] After the case was called for trial plaintiff's attorney announced that an important witness had absented herself unexpectedly, claiming to have left town in answer to a telegram; that the operator refused to disclose whether such a message had been received, and that before deciding whether plaintiff could be ready for trial his attorneys desired the aid of the court in finding such witness, and asked that the operator and a son of the absent witness be sworn. Defendant's counsel assented, and the witnesses were sworn, and testified on the subject.

After the trial had commenced, plaintiff's counsel asked permission to swear another son of the absent witness to ascertain her whereabouts, to the end that she might be subpœnaed; to which defendant's counsel consented, and he testified in open court and before the jury on the subject. At the conclusion of plaintiff's affirmative case he was given time to procure this witness, and after the defendant had taken some testimony she was produced, and testified in behalf of plaintiff.

Defendant assigned as error the action of the court in permitting these witnesses to be examined in the *manner* stated.

weight which the passage of time throws upon him, cannot be treated as at fault for not suing when under disability.[1]

The charge concerning the right of defendant to use reasonable force in ejecting plaintiff, if noisy or disorderly, was substantially given, without serious variance from the request; and we think the court sufficiently cautioned the jury that plaintiff could not recover except for an assault which caused the injuries alleged, and claimed to have been shown.[2]

A large part of the controversy arose concerning certain school rolls, which showed plaintiff to have been marked as in attendance at school at times when he claims to have been absent. From these rolls, which were produced from the school depositories, he appeared to have been present the day after the injury, and for several days, when he and some of his witnesses swore he was in bed ; and there was a note from the prosecuting attorney to a magistrate, indicating that it was written when plaintiff was present, dated the next day.

In our opinion, the defendant was entitled to the charge requested,—that if he attended school the next day after the injury alleged, and the following days thereafter, as testified to by the teacher and as claimed to be shown by the roll at the time, then he could not recover, inasmuch as if he was

---

[1] Defendant's request to charge was as follows:

"The fact that no action was brought in behalf of the plaintiff for this alleged injury for such a long space of time is a circumstance tending to show that no such serious injury or damage was ever done to the plaintiff, and should require more positive testimony to justify a verdict for the plaintiff than would be sufficient if the case had been brought within a reasonable time, when the facts and circumstances surrounding it should be remembered."

The court refused this request, and charged the jury as follows:

"This action might have been brought against this defendant for this alleged injury at any time since it occurred, as well as to wait until the plaintiff became of lawful age; but he had a perfect right to wait, and the only unfortunate thing about it is that important witnesses may have disappeared and their memories have become blunted."

[2] The court instructed the jury as follows:

"You are not to permit the plaintiff to recover in this case upon any mere probability as to the existence of any particular fact. The plaintiff must recover, if at all, from the actual proof of the injury as alleged, and not upon proof that it might possibly have been so. In order to enable the plaintiff to recover damages on account of the existence of the disorder known as varicocele and incontinence of urine, you must be satisfied from the evidence that such disorder was the result of the assault and battery committed by the defendant, and it would not be sufficient to find that it might have resulted from the injury complained of."

not injured so as to confine him to his house and bed, as alleged, he proved no facts entitling him to a verdict.

This suit was not brought for a technical assault and battery, which would not entitle plaintiff to a recovery to any considerable amount. It was for an assault as described, producing specified injuries at once, and such as led to immediate severe suffering and disability, of which the ultimate mischief was a direct consequence.

This was the case plaintiff and all his witnesses made out by positive proof. There was no room for his recovery, upon the showing that he made, on any other theory, and there was no possible reconciliation of that story with any other. The charge of the court did not contain any such instruction as was asked. It merely told the jury that if he attended school he could not have been confined at home, and then it might be probable that the varicocele and urinary difficulties came on later, and from other causes. But the case was not one in which there was any proof, by plaintiff, of serious injury that did not begin at once, and that did not disable him at once, in the manner alleged. The jury should not have been allowed to wander from the issue directly made, or to give plaintiff damages on some other and indefinite theory.

We do not deem it necessary to consider the other questions on the record. While the school records are not conclusive in themselves as against all other evidence, yet when shown to have been made in the ordinary course of duty, in the absence of any testimony that they have been tampered with, they are entitled to very great weight ; and while counsel may fairly discuss any intrinsic appearances, they should not be allowed to go to the jury with unfounded charges of fact. The arguments made contain statements of fact very material and entirely beyond the record.

The judgment must be reversed, and a new trial granted, with costs of this Court. But, in our opinion, the record should have been greatly reduced in size, and one-half of the costs of preparing and printing the bill of exceptions must be disallowed.

The other Justices concurred.