MAY CANFIELD v. THE CHICAGO & WEST MICHIGAN RAILWAY CO.

*Negligence—Pleadings and proof—Variance—Sufficiency of declaration.*

1. Where the icy condition of a walk upon which plaintiff fell and sustained injuries, for which she sues, was not the result of neglect to remove naturally-accruing ice and snow, but was caused by the action of the defendant in throwing water on the place where it froze, the case is a proper one for the jury.

2. In this case, it is held that there is no variance at all between the case charged and the case made, which distinguishes it from *Wilkinson v. Spring Works*, 73 Mich. 405, where the declaration charged that a particular ailment was *produced* by the accident, and the Court held that the plaintiff was confined in his recovery to the scope of his allegations and proof.

Error to Berrien. (O'Hara, J.) Submitted on briefs November 13, 1889. Decided December 28, 1889.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin* (*L. C. Fyfe*, of counsel), for appellant.

*N. A. Hamilton*, for plaintiff.

[The points of counsel are stated in the opinion, with the authorities cited.—REPORTER.]

CAMPBELL, J. Plaintiff, a young woman of about 22, fell on the ice on a sidewalk near the defendant's water-tank, in the village of St. Joseph, and claims to have received injuries, for which she recovered damages in the circuit court of Berrien county. The declaration sets out that she,—

"By said fall, was greatly injured, to wit, her head, shoulder, and side were severely cut and bruised, her collar-bone was broken, and she received permanent injuries, and her health was and is permanently injured; and by reason of which injuries the plaintiff became and is, and for a long time will be, lame and sick, and has suffered great bodily pain, and has been disabled from attending to her business for six months and more, and incurred an expense of $200 for medical attendance and nursing," etc.

Both counts are substantially alike in regard to statement of damage. The testimony showed that defendant had a stand-pipe, with an arm swinging round, to supply the locomotives; that this arm swung so as to let water fall upon the sidewalk, where it froze, making very slippery ice; that on the morning of January 25, 1888, plaintiff was found, a few minutes after 6 in the morning, lying insensible at or near this place, which is near the bottom of a slope, by Mr. Squibs, who was going to his work at the knitting-works, where plaintiff was also employed; that he fell twice, within ten feet, in going up to her; that he and two young women of her acquaintance restored her to consciousness, and on recovering consciousness she made an exclamation of suffering; that this was the only slippery place on the way to the works. They aided her to walk home. From plaintiff's account, she fell very shortly before she was found. Her testimony indicates that the injury chiefly affected her right arm and shoulder, and was continuously painful, and thereby interfered with the free use of the arm.

There was medical testimony indicating an injury to the collar-bone, and to the shoulder. Examinations were made at different times, and the medical witnesses for plaintiff and defendant did not agree upon the appearance of the collar-bone and shoulder. The medical witness for defendant claimed there were no signs of any permanent mischief, and differed in some of his medical opinions. There was testimony concerning the condition and work of plaintiff before and after. There was also some testimony that after a sickness, when she was a child, plaintiff was weak in mind and body, and especially in her right arm, which they intimated was paralyzed. There was no testimony of present mental weakness or paralysis; and the medical testimony all 'bore on the local conditions of the shoulder and the adjacent parts, and the presence of pain in moving the arm, and the effect on the muscles of strains and other local injuries. All agreed that there was no withering or shrinking of the arm, and the defendant's medical witness testified that the arm was in normal shape and appearance.

Only two errors are relied on here. One is that plaintiff made no case to go to the jury. The other is that the declaration is insufficient in one phase of the case which defendant asked to have laid before the jury. As the icy condition of the walk was not the result of neglect to remove naturally-accruing ice and snow, but was caused by the action of defendant in throwing water on the place where it froze, we think the case was a proper one for the jury. There is no proof that plaintiff was in fault in going where she went.

The other assignment is for the refusal of the court to give a specific charge. There is no error assigned on any charge actually given. The court actually charged the jury on the point involved in this manner:

" If you shall find that the physical condition of this

plaintiff had been impaired before the time of the alleged injury, or if she was not in perfect health, and in the full, free, and unimpaired use of her arm and shoulder, or, in other words, if she was not in perfect physical condition at the time of the alleged injury, then, gentlemen, you must closely scrutinize the testimony bearing upon her after and present, as well as her prospective, physical condition; and if her past or present condition, or prospective condition, should or shall be owing in whole or in part to such prior condition, then, gentlemen, there can be no recovery for either pain, suffering, or loss of time so occasioned by such former physical condition, or any of its natural results."

Further instructions were carefully given, to the same effect, as to discriminations. The request made before the charge, and refused, except so far as covered by what is above referred to, was this:

"The defendant has given evidence which tended to prove that the plaintiff, when a child, suffered severe illness, and that illness left her right arm disabled and infirm; and its theory is that the disability with which the plaintiff has suffered since the accident in question was not caused by the accident. If the jury believe from the evidence that the plaintiff's right arm and shoulder were weak and disabled before the accident in question, and as the result of said sickness, then she cannot recover, under the declaration and evidence in this cause, for such disability, or any aggravation of the same produced by the accident in question."

This request is supposed to be sustained by the opinion in Wilkinson v. Spring Works, 73 Mich. 405 (41 N. W. Rep. 490). In that case the principal damage alleged to plaintiff was that by the injury complained of, which was the fall of part of a roof, his brain was injured, his body paralyzed, and his internal organs so injured that he has been paralyzed and subject to fits. There were allegations of other bodily sufferings, which it was not disputed were properly charged and proved. The only questions leading to comment were concerning epilepsy and paralysis. The court allowed the jury, there being

proof of previous epilepsy and paralysis, to give damages for the aggravation of both. This Court held that the declaration fairly alleged the paralysis and epilepsy to have been caused, and not merely aggravated, by the injury, and that this was such a variance as would prevent recovery for those causes.

We cannot see the pertinency of this objection. The proof in the present case showed the injury exactly as described; and the declaration claimed, and the proof showed, nothing more than was to be gathered from that injury. The declaration did not directly or inferentially set up any state of things inconsistent with the proofs relied on. There is no necessary inference that the plaintiff, before the injury, was robust or weak, sound or unsound. There was no direct proof in the case that at the time of this accident plaintiff was paralyzed or afflicted with any permanent defect or injury due to such paralysis, and not caused by the accident. The medical testimony, which, on such a subject, is the only safe reliance, is harmonious on both sides on this point, and contradicts any such inference. Paralysis and epilepsey are permanent and increasing disorders, which, if caused by the accident in question in the *Wilkinson Case*, would have been the entire ruin of the plaintiff, due to defendant's wrong. If the injury did not produce them, it would entirely change the main issue.

The declaration in the present case charges an abnormal change of condition, but no more than might happen from any serious injury to the upper shoulder and arm of a sick or well person. In such an issue it is a mere matter of degree and extent, and such a question as must always bo applied with reference to existing conditions. The testimony set up here in the request had no tendency to deny any of the actual injuries relied on, whereas in the *Wilkinson Case* it changed the issue entirely as to the

principal damage.    There is no variance at all between the case charged and the case made, and there is no rule of law which will prevent a plaintiff from recovering whatever pertinent testimony shows she ought to recover.

The judgment should be affirmed, with costs.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred with CAMPBELL, J.

CHAMPLIN, J., (*dissenting*).  In this case the plaintiff's right of recovery depends upon the facts alleged in her declaration, and put in issue by the plea.  She alleges that she was passing along a sidewalk in a public street, and stepped upon some ice caused by water escaping from defendant's tank and pipe, whereby the place was made slippery, and she slipped and fell upon the sidewalk and ice, and by said fall was greatly injured; that her head, shoulder, and side were severely cut and bruised, her collar-bone was ·broken, and she received permanent injuries, and her health was and is permanently injured; and by reason of which injuries the plaintiff became, and is, and for a long time will be, lame and sick, and has suffered great bodily pain, and has been disabled from attending to her business for six months and more, and incurred an expense for medical attendance and nursing of $200.

There is no count in the declaration alleging that she was at the time afflicted with any disease, malady, or infirmity whatever which the injury she received from her fall tended to aggravate or make worse; but, on the contrary, whatever her injuries were, they were caused by the fall she got·through the defendant's negligence.    The testimony introduced by her was exclusively directed to sustain the issue so made by her.    The defendant, by a cross-examination of the plaintiff's own witnesses, and by other positive and direct testimony, introduced evidence

which tended to show that the injury complained of, and the effect which the plaintiff claimed was produced solely by her fall upon the sidewalk, had existed for a long time prior to the accident; and, based upon this testimony, counsel for defendant requested the court to instruct the jury as follows:

"The defendant has given evidence which tended to prove that the plaintiff, when a child, suffered severe illness, and that illness left her right arm disabled and infirm; and its theory is that the disability with which the plaintiff has suffered since the accident in question was not caused by the accident. If the jury believe from the evidence that the plaintiff's right arm and shoulder were weak and disabled before the accident in question, and as the result of said sickness, then she cannot recover, under the declaration and evidence in this cause, for such disability, or any aggravation of the same produced by the accident in question."

The court refused to give this request, and counsel for defendant excepted.

Under the declaration, the testimony, and the theory of the defendant, I think the latter part of this request should have been given. It would not have been proper for the court to instruct the jury that the defendant had "given evidence which tended to prove" certain facts. But the testimony was introduced for the purpose of proving, and which, if believed, tended to prove, certain facts. The issue and the testimony, however, fairly called upon the court to instruct the jury that, if they found from the testimony that the plaintiff, prior to the time of her falling upon the sidewalk, had, as the result of physical infirmity, a weak shoulder and arm, which she now claims was caused by her fall, she could not recover, under her declaration, damages resulting from such existing infirmity, nor for any aggravation of an existing infirmity resulting from her falling upon the sidewalk at the time, place, and under the circumstances, stated in

her declaration. He did instruct them that she could not recover any damages resulting from existing infirmities, and only such damages—

"As was, is, or will be the natural and direct result of the accident, aside from her past condition."

This would authorize the jury to include damages for aggravation of existing infirmities. We have held that the plaintiff must be confined to the cause and consequences alleged in the declaration. *Thurstin v. Luce,* 61 Mich. 292 (28 N. W. Rep. 103); *Wilkinson v. Spring Works,* 73 Id. 405. And where it is developed upon the trial that the infirmity alleged might, if the testimony be believed, have existed prior to the alleged cause, and no claim is made in the declaration that the malady was aggravated by the accident, the defendant is entitled to an instruction that damages for the aggravation of existing physical infirmities cannot be recovered in the action.

For the error pointed out, I think the judgment should be reversed, and a new trial ordered.