110  351
f119  496
110    351
127    675
110    351
141   ¹208

PHIPPEN *v.* BAY CITIES CONSOLIDATED RAILWAY CO.

1. PERSONAL INJURIES—AGGRAVATION OF EXISTING INFIRMITIES —INSTRUCTIONS.

In an action for personal injuries, the refusal of an instruction that the plaintiff cannot recover for any aggravation of pre-existing injuries produced by the alleged accident is not error, where the issue is simply whether or not the injuries declared upon were caused by the accident, and neither party has presented any theory based upon an aggravation of existing infirmities.   *Thurstin* v. *Luce*, 61 Mich. 292, and *Wilkinson* v. *Spring Works*, 73 Mich. 408, distinguished.

2. TRIAL—REMARKS OF COUNSEL.

The fact that plaintiff's counsel, in his closing argument, improperly criticised the witnesses for the defendant, does not require a reversal, where the court stated in his charge that the defense made was legitimate, and that there was no occasion for the criticism.

Error to Bay; Maxwell, J.   Submitted April 24, 1896. Decided July 28, 1896.

Case by Mary J. Phippen against the Bay Cities Consolidated Railway Company for personal injuries.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*T. A. E. & J. C. Weadock (James E. Duffy,* of counsel), for appellant.

*Lyon & Pierce,* for appellee.

MOORE, J.   Plaintiff recovered a judgment against the defendant for $150.   The defendant appeals, assigning a number of errors, some of which are not discussed in the brief of counsel, and for that reason will not be discussed here.   It was the claim of the plaintiff that, while she was sitting in an open car owned by the defendant, it was run into by another car, and that she received severe injuries (describing them in her declaration).   It was averred in the declaration, and was claimed by the plaintiff, that prior to the accident she was strong and healthy; that, as the result of the injuries, she is sick, lame, etc.   The car that ran into the one where plaintiff was hurt had been left standing on the track by the motorman, and it is supposed it was started by a boy about 10 years old.   The defense was that the plaintiff was not on the car when it was struck, and that her condition was fully accounted for by the fact that she had been a cripple from birth, and that she was a confirmed opium eater.   Proof was offered on both sides to sustain the respective theories.   The defendant insists that the verdict is not warranted by the evidence offered by the plaintiff, and for that reason the case should be reversed.   If the jury believed the testimony offered by the plaintiff, and did not believe the testimony offered on the part of the defendant, their verdict was warranted by the evidence.

The next assignment of error needing attention relates to the defendant's third request, which reads as follows:

"*Third.* If you find from the evidence that the troubles described in plaintiff's declaration existed before, or are the direct results of physical conditions existing before, the time of the alleged accident, then, under the declaration and evidence in this cause, plaintiff cannot recover for such injuries, or for any aggravation of the same produced by the alleged accident, and your verdict must be for defendant."

It was given as follows:

"'If you find from the evidence that the troubles described in plaintiff's declaration existed before, or are the direct results of physical conditions existing before, the time of the alleged accident, then, under the declaration and evidence in this case, plaintiff cannot recover for such injuries.' I give you that so far. The following addition to the request,—'or for any aggravation of the same produced by the alleged accident, and your verdict must be for the defendant,'—that I decline to give you."

This modification of the request is assigned as error, and counsel cite *Thurstin* v. *Luce,* 61 Mich. 292; *Wilkinson* v. *Spring Works,* 73 Mich. 408. But we do not think either of those cases applies. In each of those cases it was not questioned but what some injury was suffered by the plaintiff from the defendant. In the case at issue, plaintiff claims that her injuries were caused— not aggravated—by the defendant, while the defendant denies that it caused any injury to the plaintiff whatever. Neither plaintiff nor defendant had any theory of the case based upon the idea that the plaintiff was possessed of physical weaknesses and infirmities at the time of the injury that were aggravated by the injury. Under the facts and theories of the parties, the modification of the charge was not error.

Counsel for the plaintiff, in his argument to the jury, severely criticised the witnesses for the defendant. He was not interrupted in his argument, and no exceptions

were taken to it at the time, but by permission of the court they were made to the reporter. In referring to this matter in the charge, the court said: .

"There have been some remarks of counsel for the plaintiff in his closing argument in regard to the facts shown by the defendant as a defense. I do not see any occasion for any criticism on the defense made in the case. It was perfectly legitimate, and, if it satisfies you, it must be final; but you are the sole judges upon that subject."

While we do not approve of the argument of the counsel, we are not inclined, upon the record as made, to reverse the case because of his argument. *Maclean* v. *Scripps*, 52 Mich. 214; *Warren* v. *Halley*, 107 Mich. 120; *People* v. *Wirth*, 108 Mich. 307.

The judgment is affirmed.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.