MENSING *v.* MICHIGAN CENTRAL RAILROAD CO.

1. CARRIERS OF PASSENGERS—SAFE PLACE TO ALIGHT.
   A passenger who is invited by the carrier to alight from a car in a locality where he is a stranger has a right to presume that the place where he is asked to alight is reasonably safe.

2. SAME — ACCUMULATION OF SNOW—BURIED RAIL — NEGLIGENCE.
   A railroad company is guilty of negligence in running its car past the station platform, and inviting a passenger to leave the car, unassisted, at a place where, in alighting, he will naturally step upon the rail of a side track hidden in the snow.

Error to Washtenaw; Kinne, J. Submitted June 18, 1898. Decided July 12, 1898.

Case by August Mensing against the Michigan Central Railroad Company for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

Plaintiff was a passenger over defendant's road from Niles to Dowagiac, on the morning of February 19, 1896. A severe snowstorm was in progress, and at Dowagiac there was about 10 inches of snow upon the ground. The brakeman had announced that the next station would be Dowagiac, and, as the train stopped, he opened the door and announced the station. Plaintiff, with his valise in one hand and his sample case in the other, stepped off the train, and in doing so claims that his right heel struck upon a T rail of a side track covered by the snow; that he slipped, fell, and was injured. In front of the depot was a plank platform 14 feet wide, and extending some little distance west of the depot. From the west end of this platform a cinder walk, level with the platform, extends westward. North of the platform and cinder walk is a park 137 feet long. From the end of the plank platform to the west end of the park is 105 feet. A spur track com-

mences very near the west end of the platform, and extends in a westerly direction on the north side of the track. The claim of plaintiff is that the car in which he was riding did not stop opposite the platform, but opposite the side track, so that in stepping off he would naturally step on the north rail of the side track, which was hidden in the snow. The negligence charged is the invitation to alight in an unsafe place. Plaintiff had verdict and judgment.

*John F. Lawrence* (*O. E. Butterfield*, of counsel), for appellant.

*Lehman Bros.* (*H. Wirt Newkirk*, of counsel), for appellee.

GRANT, C. J. (*after stating the facts*). 1. Defendant urges that no negligence was shown, because the place where plaintiff was invited to alight was safe in the daytime, and was only rendered unsafe by the snow, and that the sudden fall of snow was therefore the approximate cause of the accident. It is sought to apply to this case the rule that municipalities are not liable for damages resulting from natural accumulations of ice and snow. There may be situations where this rule will apply, but it is not applicable to the present case. It was held in *Piquegno* v. *Railway Co.*, 52 Mich. 40 (50 Am. Rep. 243), that a railroad company does not owe the duty to its employés to remove the snow and ice from the ground along its track, even in proximity to depot platforms. In *Canfield* v. *Railway Co.*, 78 Mich. 356, the company was held liable to a pedestrian falling upon an accumulation of ice caused by the freezing of water dripping from the water-spout of its water-tank upon the sidewalk. These are the only two cases cited from this court, and we do not recall any others involving accumulations of ice and snow.

Plaintiff was a stranger, was invited to alight, and had the right to presume that the place was reasonably safe.

Counsel for the defendant appear to concede that, if a passenger was invited to alight at such place in the night, it would be negligence not to warn him of the danger, and take reasonable means to assist him in alighting. The brakeman was chargeable with knowledge of the location of the track. A little effort on his part with his foot would have removed the snow from the rail, and showed a safe place to alight. The danger was, or should have been, known to defendant. It was not, and could not have been, known to the plaintiff. *Cartwright* v. *Railway Co.*, 52 Mich. 606 (50 Am. Rep. 274), states the rule governing this case, as follows:

"If a car in which there were passengers was not standing where it would be safe for them to alight without assistance, it was the duty of the company to provide assistance or give warning, or to move the car to a more suitable place."

See, also, the authorities cited in that case.

The case was properly submitted to the jury.

2. This case was twice tried, the first jury rendering a verdict for the defendant. That verdict was set aside by the trial judge, and a new trial ordered. It is urged that plaintiff changed his testimony in the last trial from what it was in the first as to the place where he alighted. On account of this discrepancy, counsel urge the verdict ought not to stand. It is claimed that on the first trial he located the place where it was impossible for him to have stepped upon the rail, while upon the second trial he located it farther west. We do not think there was such discrepancy as to justify us in reversing the case. We think it was a question for the jury, and we see no occasion for disturbing their verdict.

Judgment affirmed.

The other Justices concurred.