### LITTEN *v.* CITY OF DETROIT.

PERSONAL INJURIES—DAMAGES—ERRONEOUS INSTRUCTION FAVORING APPELLANT—HARMLESS ERROR.

Plaintiff, claiming to have been ruptured by a fall on a defective sidewalk, brought suit for his injuries. It was the claim of defendant city that the rupture had existed from childhood. After charging the jury that they should not consider the question of damages at all unless they believed the testimony of the plaintiff, the court gave, on his own motion, the further instruction that if plaintiff was somewhat ruptured before the accident, and was additionally ruptured thereby, his previous condition should be taken into consideration in deciding how much his earning capacity had been diminished. *Held*, that defendant could not complain of the instruction, the evident purpose of which was to caution the jury against giving excessive damages against the city.

Error to Oakland; Smith, J. Submitted January 27, 1899. Decided March 6, 1899.

Case by George Litten against the city of Detroit for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Charles Flowers*, for appellant.

*Elliott G. Stevenson* and *Edward McNamara* (*Leo M. Butzel*, of counsel), for appellee.

MOORE, J. The defendant has appealed from a judgment obtained against it by plaintiff for injuries received upon a defective walk. The only error relied upon by counsel relates to that part of the charge of the judge reading as follows:

"Of course, gentlemen, although not much has been said about it, this will follow: That if he was somewhat ruptured before the accident occurred, and was additionally ruptured by the accident, then the previous condition will be taken into consideration in passing upon how much or how little his earnings will be diminished."

It was the claim of the plaintiff that previous to the injury he was a well man, and the injury caused a double rupture. It was the claim of the defendant that the ruptures were not the result of the injury, but had existed from childhood. Counsel for the city contends the charge brought into the case a theory which was not claimed by either of the parties, and was therefore harmful error; citing *Wilkinson* v. *Spring Works*, 73 Mich. 405. This case is unlike the *Wilkinson Case*, in that there is nothing in the declaration that would prevent recovery for an aggravation of a previous infirmity. The case is more nearly with *Phippen* v. *Railway Co.*, 110 Mich. 351.

We do not deem it necessary, however, to decide whether this isolated portion of the charge was strictly accurate or not. The record does not purport to contain all the evidence. The trial was a long one. The charge of the court was very long, and very carefully prepared. He charged the jury, among other things, as follows:

"The burden of the proof, gentlemen, is upon the plaintiff to establish his case by a preponderance of evidence. Involved in that burden of establishing his case is the proof of several independent facts or propositions by the plaintiff, and I have subdivided them for ease to the jury, —for your convenience in remembering and understanding them: *First*, he should prove he was injured; *second*, that the injury was by reason of the sidewalk not being in a condition reasonably safe and fit for travel; *third*, that the defendant city was negligent in permitting the

walk to be in this unsafe condition; *fourth*, that the plaintiff's own negligence in no manner contributed to his own injury.   These things you will consider before approaching the question of damages at all.   If the plaintiff fails to establish any one of these four facts or propositions to your satisfaction by a preponderance of evidence, he must fail in his suit, and your verdict be for the defendant.   Of course, if he shall establish these facts or propositions, or has established them, by a fair preponderance of evidence to your satisfaction, then the verdict will, of course, be for the plaintiff, and you will proceed to assess the damages.

"Now, as to the first proposition,—that he must establish that he was injured,— I state it in that way, because it is the claim of the city that he was ruptured from childhood, and evidence has been introduced tending to establish this claim.   The city has introduced medical evidence also as to the improbability of a fall upon a sidewalk producing a double rupture; and they introduced alleged statements also of Litten himself that he was ruptured before the date of the alleged injury.   The plaintiff has, upon the case in chief ( as was his right), assumed the burden of meeting this by evidence of his work; the evidence of witnesses who saw him in childhood; and the evidence of witnesses who have seen him since,—who have seen his physical condition, and who describe the character and nature of the work they claim they have seen him do.   Now, this whole question, gentlemen, is one wholly for you to determine from the great mass of evidence introduced on both sides, whether or not he was injured as he claims, or as to whether he was suffering from a rupture, and is using it now to improperly secure a verdict against the city.

"*Second.*   That he was injured by reason of this sidewalk not being in a condition reasonably safe and fit for travel.   The city of Detroit, gentlemen, is not an insurer against accidents upon its streets and sidewalks, nor will the city be liable for a defect that is practically unavoidable, or for injuries that are clearly accidental.   It is not obliged to make and keep its walks in a perfect condition.   The place where the walk is should be considered.   What would be a suitable walk, for instance, upon Kirby avenue, would not be a suitable walk for the business portion of Woodward avenue, and *vice versa*.   It is a sufficient defense for the city in this case if the sidewalk in question, at the place in question, was in a reasonably safe and fit

condition for travel at the time the plaintiff claims to have been injured; and it cannot be held liable unless the walk at that point was not reasonably safe and fit for travel, considering its location and the travel likely to pass over it. The plaintiff must also have been injured at that particular point by reason of its defective condition. The plaintiff states that he was alone when injured, so that no one else testifies that the unsafe condition of the walk caused his injury, if the walk actually caused his injury; and it is insisted by counsel for the defense in their argument that his testimony should be rejected by you,—that is, not to be believed by you. That, gentlemen, is a question for you to decide; as to just what credit you should give the plaintiff, or any of the witnesses in the case, is a question solely for your consideration. It is a rule of law that if, in the judgment of the jury, a witness has given willful false testimony concerning a material fact, then the jury may reject his testimony entirely. That, however, is a rule that the jury shall say as to when it shall be applied, and as to how it shall be applied. So that it is a question addressed to the judgment of the jury as to just what credit shall be given to the testimony of a witness. If, in your judgment, the testimony of the plaintiff should be discredited, and if, in your judgment, you ought to discredit it, then, of course, it is your duty to do so, and you should give no verdict for him, because his testimony alone is the testimony by which one of the material facts in this case is established."

It will be seen that the jury were very clearly told that, unless they believed the testimony of the plaintiff, he could not recover. The judge then discussed in detail the other two of the four propositions, and told the jury that, if all four of them were established in favor of plaintiff, they would then approach the question of damages. It was when instructing the jury as to the measure of damages the language of which complaint is made was used. It is apparent from the context that its purpose was to caution the jury against giving excessive damages against the city. Taking the charge as an entirety, it is clear the jury were not misled to the prejudice of the defendant.

Judgment is affirmed.

GRANT, C. J., HOOKER and LONG, JJ., concurred. MONTGOMERY, J., did not sit.