### GLASIER *v.* CITY OF YPSILANTI.

TRIAL—CONDUCT OF COUNSEL.

> A judgment will not be reversed because of objectionable criticisms of witnesses or statements of the law by counsel in his argument to the jury, where the court immediately reproved such counsel, and placed matters before the jury in their true light, and the verdict shows no prejudice.

Error to Washtenaw; Kinne, J.  Submitted April 5, 1901.  Decided July 19, 1901.

Case by Ella A. Glasier against the city of Ypsilanti for personal injuries.  From a judgment for plaintiff, defendant brings error.  Affirmed.

*Fred W. Green* ( *Edward P. Allen*, of counsel), for appellant.

*A. J. Sawyer & Son*, for appellee.

MOORE, J.  The plaintiff obtained a judgment of $600 against defendant for personal injuries received on a defective sidewalk.  The case is brought here by writ of error.  The errors assigned all relate to the conduct of

counsel for the plaintiff.   It is insisted there was a persistent attempt on his part to put one of the witnesses for the defense in a false position before the jury, and to draw from his testimony inferences which the witness expressly disclaimed.   It is also insisted that the counsel persisted in attempting to state what the law was which applied to the case, thus usurping the functions of the judge.

As to the first of these criticisms, counsel says he was justified by the attitude of the witness and what he said. As to the second criticism, he says he was simply replying to the argument of counsel for defendant, who undertook to state the law applicable to the case, and that counsel expressly stated to the jury they were not to take the law from counsel upon either side, but from the judge. From an examination of the record, we are satisfied that counsel in his zeal went further in his criticism of the witness and in his presentation of his views of the law than he was justified in doing by any proper practice.   If what he did had been permitted by the court to go unrebuked and uncorrected, we should deem it our duty to reverse the case, and direct a new trial.   But when the counsel exceeded his privilege he was promptly called to order, and the attention of the jury was called to a correct statement of what was said by the witness.   The learned judge also called the attention of the jury to what was said in the argument in relation to the law of the case.   He made a very lucid, clear, and full statement of the law which should govern them.   It is evident from the amount of the verdict that the jury heeded what was said by the judge, rather than what was improperly said by the counsel. See *Battishill* v. *Humphreys*, 64 Mich. 514 ( 38 N. W. 581 ); *Warren* v. *Halley*, 107 Mich. 120 ( 64 N. W. 1058 ); *Phippen* v. *Railway Co.*, 110 Mich. 351 ( 68 N. W. 216 ); *Wenzel* v. *Johnston*, 112 Mich. 243 ( 70 N. W. 549 ); *Ford* v. *Cheever*, 113 Mich. 440 ( 71 N. W. 837 ).

Judgment is affirmed.

The other Justices concurred.