HILL *v.* ABRAM SMITH & SON.

PLEADING—EVIDENCE—CONTRIBUTORY NEGLIGENCE—INCOMPETENCY.
Proof that plaintiff, in a personal injury action, was mentally defective or incompetent, is inadmissible unless the declaration contains averments sufficient to apprise defendant, his employer, of the claimed condition, although the testimony is offered to negative contributory negligence, and not as a basis for damages.

Error to St. Clair; Tappan, J. Submitted January 8, 1913. (Docket No. 34.) Decided July 9, 1913.

Case by Peter Hill against Abram Smith & Son, a corporation, for personal injuries. Judgment for defendant. Plaintiff brings error. Affirmed.

*Dwyer & Dwyer* and *C. L. Benedict,* for appellant.

*L. W. Goodenough* and *Irvin Long,* for appellee.

MCALVAY, J. This is an action brought by plaintiff against defendant, a Michigan corporation, to recover damages for injuries received while employed in and about defendant's sawmill, charged to have been caused by the negligence of defendant. The case was tried before a jury and submitted under a charge of the court. The jury returned a verdict of no cause of action. Plaintiff by writ of error asks for a reversal.

The facts are that defendant, in connection with its business of repairing vessels, operated a small steam sawmill in the village of Algonac, St. Clair county, Mich. This mill is 50 feet long and 35 feet wide and stands on piles above the ground, and in the floor between the tracks of the log carriage is an opening about six inches wide in which the circular saw re-

volves when ripping lumber.    Underneath the saw is
an inclined wooden apron upon which the sawdust
falls through the opening and is thrown into the center
of a pit below it.   The saw hangs in this opening, and
just below the floor there are joists or timbers about
ten inches apart on each side of the saw.   From the
bottom of the pit to the under side of the joists is
about six feet.   The height of the piles on which the
mill rests is something over three feet.   The space
under this mill is only inclosed on the south side by
the boarding of the mill extending to the ground, and
on the north side for about one-half its length by the
engine room.   The east and west ends are entirely
open.

Plaintiff was hired by defendant to wheel sawdust
from this pit with a wheelbarrow, using a shovel to
handle the sawdust.   He began work February 21,
1910, in the morning, and worked that day and worked
full time until noon on the 23d without any mishap.
He was employed as a common laborer.   His claim is
that on that day he was told that the mill would not
operate in the afternoon.   Later he ascertained that
the mill was running and returned to his work.   He
claims that he met the defendant's manager and was
told by him to go to work and remove the sawdust
from the top of the pile.   This is disputed by the man-
ager.   He began work again and had removed one
wheelbarrow load of sawdust.   He returned for a sec-
ond load, and, in shoveling this sawdust, in some man-
ner his shovel came into contact with the revolving
saw, which dragged his hand against it and seriously
injured it.

The failure of duty charged in the declaration upon
which negligence is predicated is in not furnishing a
safe place in which to work, and not instructing plain-
tiff as to the dangers of the employment.

Plaintiff at the time was a mature man 40 years

of age.   Upon the trial of the case, in his opening
statement, counsel for plaintiff stated, among other
things:

"Now, Mr. Hill is not a bright man, nor is he what
you might call an ordinary bright man."

An objection was interposed on the part of defend-
ant, upon the ground that no foundation had been laid
in the declaration, nor any notice given of a claim of
mental deficiency in the plaintiff, and therefore the
statement would be improper because no evidence could
be introduced to support it.   Plaintiff's counsel said:

"We are not claiming at this time that we are en-
titled to recover by reason  of this  person being an
incompetent person, but are claiming that mental in-
competency can be shown on the trial to negative con-
tributory negligence."

The court sustained the objection and an exception
was taken.   Later the same question arose on the ex-
amination of a sister of plaintiff, when the following
question was asked by his counsel:

"Q. As to whether or not he (plaintiff) is weak,
mentally."

Objection was made that this was irrelevant and
immaterial for the reason that this testimony was in-
admissible under the declaration.   The court said:

"Do you put this in as a basis of recovery of dam-
ages, because he is weak-minded?"

Plaintiff's counsel said that he did not, but that it
negatives contributory negligence and any assumption
of risk.   The objection was sustained and the plaintiff
excepted.   A motion for a new trial was made, on the
ground that the court was in error in excluding this
evidence.   This motion was denied.   The errors as-
signed in this case present only the one question as to
whether the court was in error in making the rulings
above stated.

In the plaintiff's brief it appears that reliance is placed upon the decisions of this court in several cases, notably *Swoboda* v. *Ward*, 40 Mich. 420, 425, to the effect that, in order to show lack of contributory negligence, the age, intelligence, and experience of the plaintiff may be shown, and the jury from such evidence may determine as to whether the danger was understood and appreciated by the injured person, and the argument is made that evidence of his mental weakness is admissible for the same purpose.

Where the declaration in a case alleges the fact that the person injured was a child, testimony as to the age of the child is admissible as bearing upon its ability to comprehend the danger to which it has been exposed; but appellant cites no authority to sustain his contention that, without setting up such claim in the declaration, where an adult brings suit, such proof is admissible. In fact, we are cited to no authority directly in point in this case. The exact question is one of first intention before this court, but in several cases where the same principle is involved this court has indicated the necessity of including in the declaration an averment of facts sufficient to make the proof relevant and material.

*Steiler* v. *Hart*, 65 Mich. 644 (32 N. W. 875), was a case brought for injuries to a boy 14 years old who operated a stamping machine, where evidence was admitted to show that working upon such a machine made him dizzy. In the opinion reversing the case this court said:

"The court erred in admitting this testimony. No complaint of this kind is set forth in the declaration, and the effect produced upon the plaintiff is not suggested to have had any relation to the accident as the producing cause. It did not tend to prove the perilous nature of the machine, but rather to show that it incapacitated the witness to work upon it, and no claim is made that defendants were notified of the fact that

plaintiff was made dizzy by working on the machine, and fell far short of showing that the natural effect of the machine was to make any one dizzy who worked upon it. * * * There was no allegation in the declaration which would authorize the introduction of this testimony."

In the later case, *Lindsay* v. *Railway Co.*, 141 Mich. 204 (104 N. W. 656), an action was brought by an incompetent person, by his next friend, in a case of trespass *vi et armis* for injuries received for assault and battery upon him by a conductor of defendant company, in forcibly putting him from a car. The declaration was a simple declaration in trespass *vi et armis*. The court said:

"It was not competent under this declaration to claim or prove damages for aggravation of a mental disorder, and, if plaintiff claimed damages for negligence of the conductor in failing to discern his infirmity, the declaration was not such as to support such claim. * * * It has been held in several cases that such proof is not admissible, and that such damages are not recoverable unless alleged in the declaration"—citing *Thurstin* v. *Luce*, 61 Mich. 298 (28 N. W. 103); *Wilkinson* v. *Spring Works*, 73 Mich. 409 (41 N. W. 490); *Hunter* v. *Village of Durand*, 137 Mich. 53 (100 N. W. 191); *Phippen* v. *Railway Co.*, 110 Mich. 351 (68 N. W. 216).

In our opinion the court was correct in holding in the instant case that:

"The defendant under the declaration filed had a right to assume that the plaintiff came into court as an adult of ordinary intelligence. An adult in charge of machinery is presumed to possess ordinary intelligence and capacity, and when parties come into court claiming that the defendant is negligent for placing an incompetent person in charge of dangerous machinery, or that the servant is excused from negligence because he is mentally incompetent, plaintiff claiming these rights because of incompetency is in duty bound to apprise the defendant of such claims in his declaration."

The evidence was inadmissible under the declaration in the case. The court was not in error in excluding it, or in refusing to grant a new trial.

The judgment of the circuit court is affirmed.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.