## John Hanna v. The People.

*Indictment : Degrees of offenses : Conviction of a lower degree than the offense charged : Statutory classification.* The rule at common law—that when an indictment charged an offense which included within it another less offense, or one of a lower degree; the defendant though acquitted of the higher offense, might be convicted of the less;—is not subject, in this State, to the qualification, that upon an indictment for a felony, the defendant cannot be convicted of a misdemeanor.

The statute of this State (*Comp. L.* § *5,952*) which enacts that—" upon an indictment for an offense, consisting of different degrees, the jury may find the accused not guilty of the offense in the degree charged, and may find him guilty of any degree of such offense inferior to that charged in the indictment, or of an attempt to commit such offense"—is to be construed as extending to all offenses of different grades or degrees of enormity, wherever the charge for the higher grade includes a charge for the less.

Assaults are substantially divided by the statute into degrees; and an indictment for any of the higher grades or assaults with various degrees of aggravation, must include the inferior degree of simple assaults ; or if the higher degree is charged including a battery , the simple assault and battery are included, and the defendant may be convicted of the included offense only.

*Information under the statute : Preliminary examination.* It is no objection to a conviction for a misdemeanor that upon an information under the statute for a felony, that the accused had not been examined on the charge for a misdemeanor. The examination upon the transaction, claimed to constitute the higher offense, is an examination on the minor charge included in it.

*Heard October 20. Decided October 26.*

Error to Kent Circuit.

The plaintiff in error was charged upon the information of

the Prosecuting Attorney for Kent County, that he "with a certain piece of iron, the same being a dangerous weapon, which he, the said John Hanna, in his right. hand then and there held, feloniously did beat, bruise and wound one John Shine, with intent, in so doing then and thereby feloniously, wilfully, and of his malice aforethought, to kill and murder the said John Shine, contrary etc. "

And " that the said John Hanna, and upon one John Shine, in the peace of God and of the People of the State of Michigan then and there being, did make an assault, and did beat, choke, wound and strike him, the said John Shine, with intent, him, the said John Shine, then and there feloniously, wilfully, and of his malice aforethought, to kill and murder, contrary etc. " To which he pleaded not guilty.

Upon the trial, the counsel for the respondent requested the Circuit Judge to charge the jury : " That if they should find the said respondent not guilty of the offense charged in said information, they must acquit him ; " which charge the Circuit Judge refused to give and the counsel for the respondent excepted.

The Prosecuting Attorney requested the Circuit Judge to charge the jury ; " That if they should find the said respondent not guilty of the offense charged in said information, they might find the said respondent guilty of assault and battery ; " and the Circuit Judge so charged ; to which charge the counsel of the said respondent excepted. The jury found—" Not guilty of assault with intent to kill, in manner and form as the People have in their information in this cause alleged, but guilty of assault and battery."

The defendant below brings the record into this Court and assigns for error:

First—The said Circuit Judge erred in refusing to instruct the said jury, that if they should find the said

respondent not guilty of the offense charged in said information, they must acquit him.

Second—The said Circuit Judge erred in charging and instructing said jury that if they should find the said respondent not guilty of the offense charged in said information, they might find the said respondent guilty of assault and battery.

*H. E. Thompson,* for plaintiff in error.

*Dwight May,* Attorney General, for defendant in error.

CHRISTIANCY J.

Plaintiff in error was tried in the Circuit Court for the County of Kent, upon an information charging him with assaulting and beating, with intent to murder, one John Shine.

The verdict of the jury was not guilty of the assault with intent to kill etc., but guilty of assault and battery.

The exceptions taken on the trial raise only the question, whether under this information (which is for an offense not a felony at common law, but made so by our statute), it was competent to find the defendant guilty of a simple assault and battery?

The general rule at common law was, that when an indictment charged an offense which included within it another less offense or one of a lower degree, the defendant though acquitted of the higher offense, might be convicted of the less.

This rule however was subject to the qualification, that upon an indictment for a felony, the defendant could not be convicted of a misdemeanor.

The reason upon which this qualification rested in England, was that upon a trial for a misdemeanor, he had certain advantages, such as the right to make a full defense by counsel, to have a copy of the indictment, and

a special jury—rights not allowed when the charge was for a felony. ( See *1 Bishop Cr. L. Sec. 814; 2 Hawk. P. C. Ch. 47, Sec. 6; 1 Chitty Cr. L. 251; id. 639.*) These were substantial privileges affecting the fairness of the trial itself. But .in all these respects, in every thing which pertains to the fairness of the trial, the rights of the accused are as well protected in this country on the trial for a felony, as upon a trial for a misdemeanor, and in some cases better. And for this reason, it has been held in several of the States, ( New York, Vermont, New Jersey, Ohio, North Carolina, South Carolina, and Arkansas; See *1 Bish. Cr. L. Sec. 815; 1 Whart. Am. Cr. L., Sec. 400* and cases cited ), that the reason upon which this qualification of the rule rested having ceased, the qualification ceased with it.

Several other States, ( Massachusetts, Virginia, Pennsylvania and Tennessee ), have abolished it by statute, ( See *Whart. Am. Cr. Law, §§ 388, 400* ). And a like statute has been adopted in England, so far as relates to cases like the present,—attempts to commit a felony when the crime charged includes an assault. *1 Vict. Ch. 85, Sec. 11.*

Whether our own statute applies to this case we shall presently inquire.

But it is insisted by the plaintiff in error that there are certain advantages secured by our statutes to a defendant indicted for a misdemeanor, which he does not possess when tried upon a charge of felony, and which, as he insists, furnish sufficient ground for adhering to the common law qualification of the general rule. The only advantages of this kind to which he refers are, first, the privilege, if the Court shall see fit to grant it, of appearing upon the trial by Attorney, without being himself personally present,—in other words the privilege of being tried in his absence, in the discretion of the Court, which has not generally been considered a privilege of a very high order, though the right to be *present* on the trial is a very essential right.

But the statute, ( *Comp. L. Sec. 6,076* ), upon which the qualified privilege here claimed is based, so far as it has any effect, is certainly quite as much a privilege to the prosecution as to the defendant, and cannot be considered as essential to the fairness of the trial.

Secondly, ( the plaintiff urges ), the privilege of making a compromise with the party injured, and upon his acknowledgment of satisfaction, of having the prosecution dismissed. But this is dependent, first, upon the consent of the party injured, and, secondly, upon the consent and discretion of the Court; and has no bearing upon the fairness of the trial, when a trial is had, which was the ground of the qualification of the rule at common law.

These narrow, qualified, and merely collateral advantages, or rather the power of the Court to permit them at its discretion, cannot, I think be considered of any great weight upon the question we are now discussing,—the right to convict of a misdemeanor on the trial of a charge for a felony including the misdemeanor,—they are, in fact, as it seems to me, fairly over balanced by considerations of public convenience and the benefit to the defendant, of being subjected to a single prosecution and trial, instead of several, which might otherwise be required.

I am, therefore, of the opinion that the common law reasons for this special restriction of the common law rule have ceased to exist in this State; and that the restriction should cease with them, though we had no statute upon the subject.

But, I am also of the opinion, that the present case falls within the provisions of section sixteen of Chapter 161 of the Revised Statutes of 1846, ( *Comp. L. Sec. 5,952* ), which enacts " upon an indictment for any offense, consisting of different degrees, as prescribed in this title, the jury may find the accused not guilty of the offense in the degree charged in the indictment, and may find such accused person guilty of any degree of such offense, inferior to that

charged in the indictment, or of an attempt to commit such offense."

I do not think this provision was intended to be restricted in its application to offenses divided by the statutes contained in this title, (which included all the provisions in reference to crimes), into classes expressly designated by the name of "degrees." Thus confined, it would apply, so far as I have been able to discover, only to the single case of an indictment for murder in the first degree, and would not even include manslaughter as a lower degree of the offense, but only murder in the second degree; since murder is the only offense divided by the statute into classes expressly designated as "degrees." Beside, if thus restricted to the crime of murder it can apply only to that very class of cases in which it was not needed either as declaratory of, or as amending the common law; since, without the provision, the common law by the narrowest application ever adopted, had already fully provided for the case; as no one can doubt that without this provision, the common law rule, would under the statute, dividing murder into degrees, have authorized a conviction not only for murder in the second degree, but for manslaughter also, under an indictment for murder in the first degree, all these offenses being felonies included in the charge. But, if this is not clear enough in itself, the statute has put this view in the clearest possible light; by expressly providing in the next section ( *Sec. 3 Ch. 153 Rev. Stat. of 1846* ), after dividing murder into degrees, for a conviction of murder in the second degree upon a charge of murder in the first, though it is silent as to a verdict of manslaughter in such a case. If, therefore, section sixteen of Chapter 161 above quoted at length, is not to be applied to any offenses not divided into degrees, *eo nomine,* then it can have no application or effect whatever, and must have been inserted in the statute for no purpose or object. Such a construc-

19 MICH—O.[2]

tion is inadmissible, if the provision will admit of any other.

Whatever may have been the proper construction of this provision in the Revised Statutes of New York, where it is preceded by very different provisions, it must, I think, in the connection in which it is found in our revision, be construed as extending to all cases in which the statute has substantially, or in effect, recognized and provided for the punishment of offenses of different grades, or degrees of enormity, wherever the charge for the higher grade includes a charge for the less. In this view only, can any effect be given to it, as declaratory of, or altering the common law.

In this view of the statute the case before us comes, I think, clearly within it. The "Title" referred to provides for assaults of various kinds and degrees of enormity depending upon the intent with which, and the circumstances under which, the assault may have been made; as with intent to murder, (*Chapter 153, Sec. 14—Comp. L. Sec. 5,724*); with intent to rob or steal from the person, and being armed with a dangerous weapon, (*Sec. 15*) ; with intent to rob, or murder, being armed etc., (*Sec. 16*) ; to rob or steal from the person and putting in fear, without being armed etc., (*Sec. 17*) ; with intent to rob or steal, not being armed (*Sec. 18*) ; with intent to commit rape (*Sec. 21*) ; or with intent to commit any other felony—the punishment of which assault is not herein before prescribed (*Sec. 28*) : all the above assaults as felonies, being punishable in the State prison for periods provided respectively for each; and finally section twenty-nine provides for the punishment of simple assaults and assaults and batteries. Whatever therefore may be said of other offenses named in the statute, it seems to me, that assaults are substantially and in effect divided by the statute into degrees ; and that an indictment for any of the higher grades, or assaults with various degrees of aggravation, must include the inferior degree of simple

assault; or, if the higher degree is charged including a battery, as in the present case, the simple assault and battery are included, and that the defendant may be convicted of the included offense under this section.

In fact, so far as I have been informed, this section has been long and uniformly construed at the circuits, as intended to remove entirely the common law restriction of the general rule, and to authorize a conviction for any substantive offense included in the offense charged, without reference to the fact that one was a felony and the other a misdemeanor; this being the only view in which the statute was needed.

But it is further objected, that the defendant could not be prosecuted by information in this case, because he had never been examined on the charge for a misdemeanor. But this being included in the charge of the felony, an examination upon the transaction claimed to constitute the higher offense, was an examination upon the minor charge included in it.

The judgment of the Circuit Court must be affirmed.

The other Justices concurred.