# THE PEOPLE v. PETER PRAGUE.

*Criminal law—Information for assault with intent to murder— Conviction of lesser offense—Evidence—Deposition taken on preliminary examination.*

1. Under an information charging the respondent with an assault with intent to murder, he may be legally convicted of the lesser offense of an assault with intent to do great bodily harm less than the crime of murder.
2. The deposition of a respondent, taken upon his preliminary examination, may be introduced in evidence by the prosecution upon the trial.

Error to Chippewa.    (Steere, J.)    Argued October 17, 1888.    Decided October 26, 1888.

Respondent was informed against for assault with intent to murder, and convicted of assault with intent to do

great bodily harm less than murder. Judgment affirmed. The facts are stated in the opinion.

*J. W. McMahon,* for respondent.

*Moses Taggart,* Attorney General, for the people.

CHAMPLIN, J. The information charged defendant with an assault with intent to murder. He was tried and convicted of the statutory offense of committing an assault with intent to do great bodily harm less than the crime of murder.

Defendant is an Italian, unable to understand or speak the English language, and on July 8, 1887, while in company with another Italian, whom he called his "partner," while on board the steamer China, bound up the lakes, a row occurred between defendant or his partner and the first cook of the vessel, and in the *melee* one of the Italians, claimed to be the defendant, cut a man named Gleason,—who was third cook, and was endeavoring to separate the combatants,—once on the outside of the left shoulder, and once on the body behind the shoulder, with a knife. The wounds were not serious, merely cutting through the skin and into the muscles slightly.

After charging the jury what it would be necessary for them to find in order to convict defendant of the crime charged in the information, the court proceeded to instruct the jury as follows·

"If the jury find that the defendant committed an assault upon Edward Gleason, and do not find that the assault was committed with the intent to commit the crime of murder, but do find beyond a reasonable doubt that the defendant, at the time and place alleged, committed an assault upon the said Edward Gleason, with intent to do great bodily harm less than the crime of murder, then the defendant may be convicted of an assault upon Edward Gleason with intent to do great bodily harm less than the crime of murder. And should

you not find the defendant is shown to have committed an assault with either an intent to murder or to do a great bodily harm less than murder, but should find it shown beyond a reasonable doubt that on the occasion in question he assaulted and struck Gleason unlawfully, you may find him guilty of assault and battery."

Under this charge the jury found defendant guilty, as before stated. The attorney for defendant assigns this as error, and insists that it is not an offense named in the information, and upon which he has had no examination; in other words, that defendant was charged in the information with one offense, and was convicted of a substantially different offense.

Where the offense embraces different degrees, and the highest degree is charged, it has been held that the person charged may be convicted of any of the lesser degrees. Thus, if charged with murder in the first degree, he may be convicted of murder in the second degree, or of manslaughter, or of assault and battery. The reasons are that the offense springs from the same transaction, and is supported by the same class of testimony. The crime of an assault with intent to commit the crime of murder is one of a higher grade and greater enormity than the crime of assault with intent to do great bodily harm less than the crime of murder. It belongs to the catalogue of offenses against the lives and persons of individuals, and we think the charge was authorized by the opinion of this Court in *Hanna v. People*, 19 Mich. 316.

In *People v. Sweeney*, 55 Mich. 586 (22 N. W. Rep. 50), we held that these two offenses set out in two separate counts might be joined in the same information, and, if this can be done, an information. charging the greater offense will support a conviction for the lesser, based upon its commission at the same time, place, and circumstances.

The objection made to the introduction of the deposi-

tion of defendant, taken before the examining magistrate, is ruled by *People v. Arnold*, 43 Mich. 303 (5 N. W. Rep. 385), and *People v. Eaton*, 59 Id. 559 (26 N. W. Rep. 702).

It follows that the judgment must be affirmed.

The other Justices concurred.