FORD v. CHEEVER.[1]

1. TRIAL—JURORS—VOIR DIRE.
   The trial judge may limit, reasonably, the extent of the *voir dire* examination of jurors.

2. SAME—REMARKS OF COUNSEL—APPEAL.
   The Supreme Court declined to reverse a judgment because of objectionable remarks of counsel, made in the course of the examination of witnesses and the argument to the jury, where the trial court promptly informed counsel that the remarks were improper and should not have been made.

Error to Lenawee; Lane, J. Submitted June 8, 1897. Decided June 28, 1897.

Case by Emma Ford against Jacob Cheever under the civil-damage law. From a judgment for plaintiff, defendant brings error. Affirmed.

*Walter C. Burridge* and *Watts, Bean & Smith*, for appellant.

*J. C. Winne*, for appellee.

[1] Rehearing denied November 23, 1897.

MOORE, J. This case has been here before, and is reported in 105 Mich. 679. A reference to that case will show many of the questions involved here.

The first errors assigned relate to the *voir dire* examination of the jurors. An examination of the record shows that, while the trial judge sustained the objection to some of the questions put to the jurors, he also gave counsel so wide a latitude in the examination of the jurors that the rights of the defendant could not have been prejudiced. The trial judge must be allowed to place some limit upon the extent of the examination. The jurors to whom the questions were put were excused peremptorily by the defense, and, without examining other jurors, the counsel for the defendant announced themselves as satisfied with the jury.

It is also said that it was error to admit the deposition of Orrin T. Lane. It is sufficient to say that this objection was disposed of when the case was here before, and must be treated as *res judicata.*

It is insisted that the remark of plaintiff's counsel to John Lucas, who had just sworn he was a bartender, "You are ashamed of it, are you?" is prejudicial error. The record shows the court at once stated that the objectionable remark ought not to have been made. If a case is to be reversed every time counsel, in the heat of a trial, puts an objectionable question, even though the court properly and promptly corrects him, there will be no end of litigation. Error is also assigned to remarks made by counsel in his argument to the jury. Some of these remarks were objectionable, and the trial judge promptly so determined, and so informed the counsel. What we have just said as to the remark made by counsel to the witness will apply to these remarks.

It is claimed there is no substantial evidence that appellant furnished plaintiff's husband with liquor during the time mentioned in her bill of particulars. In view of the testimony of Mr. Lane that he had often seen Ford drunk, and had drunk often with him at Jacob Cheever's: "We

drank liquor together there from the same bottle from the early fall of 1891, right along, while I lived there. We drank together at Cheever's very often, till I told Cheever of a conversation I overheard one night, and notified him not to sell Ford any more liquor. That was in October or November, 1891, I should think. I told Cheever that night that I heard two men talking just outside his door, about Ford's being drunk again. They said Ford had sold his pork, and was getting drunk on the money; that no other saloon keeper except Cheever would sell him liquor; that Cheever had better be careful, or he would have trouble. I told him the two men had made these remarks. I did not know them myself, but I described them so that he knew them. He thanked me for telling him, and we both had a drink together. Ford was then in his saloon very drunk, and I tried to have him go home, but could not get him started,"—this contention cannot be sustained. There was other testimony that tended to show appellant furnished Ford with liquor. The case was a proper one to be submitted to the jury.

The other assignments of error have had consideration, but we do not deem it necessary to discuss them further than to say that we do not deem any of them well taken. The record and assignments of error are presented in a very unsatisfactory way, and their examination has been attended with much more trouble than if they had been properly prepared.

The judgment is affirmed.

Long, C. J., Grant and Montgomery, JJ., concurred. Hooker, J., did not sit.