PEOPLE v. HATFIELD.

EMBEZZLEMENT—CONVICTION SUSTAINED.
   In reviewing, on exceptions before judgment, defendant's
   conviction of embezzlement under 3 Comp. Laws 1915, §§
   15310, 15336, the conviction is sustained.[1]  SNOW, FELLOWS,
   and WIEST, JJ., dissenting.

Exceptions before judgment from Kalamazoo;
Murphy (Alfred J.), J., presiding.    Submitted January 14, 1926.    (Docket No. 129.)    Decided April 30, 1926.

James C. Hatfield was convicted of embezzlement. Affirmed.

*Titus & Titus*, for appellant.

*Andrew B. Dougherty*, Attorney General, *LeRoy H. Bibby*, Prosecuting Attorney, and *Stephen H. Wattles*, Assistant Prosecuting Attorney, for the people.

BIRD, C. J.    Defendant was convicted of embezzlement in the Kalamazoo circuit court and he was permitted to review his conviction by exceptions before sentence.

The record discloses that J. C. Hatfield organized a small company with a capital of $3,000 in 1914, in the city of Kalamazoo, to do an insurance business. This business was prosperous and soon demanded more capital.    In 1917 he increased the capital stock to $10,000, and sold a considerable portion of the stock in his home city.    The company was called the "J. C. Hatfield Company," and Mr. Hatfield was the presi-

[1]Criminal Law, 16 C. J. § 2363 (Anno); Embezzlement, 20 C. J. §§ 7, 8 (Anno), 10, 33, 49 (Anno), 79; Evidence, 22 C. J. § 1303; Indictments and Informations, 31 C. J. § 344.

dent and treasurer of the company. At the time of increasing the capital stock he made a written contract with the stockholders as to *what* he should receive for his services in managing the company and *when* he should receive it. The contract provided that the earnings should first go to liquidate any indebtedness. After that a 15 per cent. annual dividend should be paid to the stockholders, and what was left after taking care of these two items he should be entitled to receive for his compensation for carrying on the business of the corporation. The company represented several foreign insurance companies in the city of Kalamazoo. The books show that for two or three years the company was prosperous. It then began to fall behind. The dividends were omitted and it contracted many debts, and the insurance companies were unable to get premiums which were owing to them. Being unable to get the premiums which had been paid to the J. C. Hatfield Company, the companies finally sent a Mr. Fowler, a lawyer and expert accountant, to Kalamazoo to examine the financial condition of the company. He made an examination and investigation of the books and papers of the concern, and made an audit of its financial affairs. The audit showed that defendant had appropriated to his own use nearly $44,000 of the moneys which the company had received. Mr. Fowler made a demand upon defendant to return the same to the company. This demand not being complied with, a petition was filed in court, and the company was placed in the hands of Mr. Fowler as receiver. Subsequently, Mr. Fowler caused a complaint to be made against defendant for embezzlement in the sum of $7,258.68. Defendant was arrested and tried upon an information containing four counts. Counts 1, 2 and 4 charge embezzlement. Count 3 charges larceny. Subsequently the third count, charging larceny, was abandoned.

The defendant pleaded "not guilty" and demanded a bill of particulars of the items which it was claimed had been embezzled. These items were furnished by the prosecutor. Counsel for defendant then moved the court to compel the prosecutor to elect under which count or counts he would go to trial. The court refused to do this, and his refusal is assigned as error.

1. The three counts which the prosecutor stood upon were charged under 3 Comp. Laws 1915, §§ 15310, 15336. The only difference in these statutes is, that in 15336 the legislature provided that when the money or property embezzled belonged in part to the agent or clerk he should not have a right to retain it and that it should not be a defense that he was entitled to a portion of it as his compensation. We see no error in this holding of the court. Counsel's contention in this regard is fully answered by what we said in *People* v. *Warner*, 201 Mich. 547:

"The joinder in one information, in separate counts, of two or more offenses, which, though distinct in point of law, yet spring out of the same transaction, and are covered by the same testimony, cannot operate to the legal prejudice of the accused, and is permissible, and when distinct offenses are so committed and so charged, the people are not obliged to elect. *People* v. *Sweeney*, 55 Mich. 586; *People* v. *McDowell*, 63 Mich. 229; *VanSickle* v. *People*, 29 Mich. 61; *People* v. *Sessions*, 58 Mich. 594, 597; *People* v. *Summers*, 115 Mich. 537, 543. See, also, *People* v. *Prague*, 72 Mich. 178; *People* v. *Durham*, 170 Mich. 598, 604."

2. Another assignment may be considered in this connection. Notwithstanding the fact that the third count had been eliminated the trial court in his charge made reference to it as though it were still in the case. The third count charged larceny. It would have been permissible to allow this count to stand with the others, as the larceny was shown by the same proofs. We think the inadvertence is of no importance.

3. Over the objection of defendant the witness, Fowler, was permitted to testify as to what the books and papers showed.    Counsel say this was error because they were conclusions of the witness. Mr. Fowler was shown to be an attorney and an expert accountant, and he was trustee for the purpose of straightening out the affairs of the company.    We think, under these circumstances, there was no error for him to testify what his weeks and months of examination showed was the condition of the company. When books and papers are voluminous and cannot be conveniently examined during the course of trial the law relaxes the rule and permits experts to testify as to what their conclusions are.

Jones on Evidence makes a good statement of the exception to the rule:

"Another relaxation of the rule based on the necessity of the case may be thus stated:    Where the original consists of numerous documents which cannot be conveniently examined in court, and the fact to be proved is the general result of an examination of the whole collection, evidence may be given of such result by any person who has examined the documents, and who is skilled in such matters, provided the result is capable of being ascertained by calculation. This has been permitted when another course would cause great loss of time and tend to confuse the jury, and competent witnesses have been allowed to summarize the account and to state conclusions as to sales, solvency or insolvency and the like.    Of course, the court may require the production of the original, if this is deemed necessary."    Jones on Evidence (2d Ed.), p. 254.

We think this assignment is without merit.

4. Counsel contend that defendant could not be guilty of embezzlement from the Hatfield Company because the company did not own the money, but it was owned by the insurance companies.    To this contention the trial court stated the rule:

"The general property in and to those moneys, quite clearly, rested in the insurance companies whom this corporation, the Hatfield Company, represented. However, the Hatfield Company had a special interest or a special property right in and to those moneys, and it had it to such an extent that for the purpose of this case you are to take those moneys so received by the J. C. Hatfield Company as the property of that company, as belonging to the J. C. Hatfield Company."

We think the court stated the rule correctly as applied to this case. It is certain from the record that the Hatfield Company was the rightful custodian of the money. It had the right to the possession of it, and as such custodian it was rightly charged in this action that it was the funds of the J. C. Hatfield Company. But counsel say that a part of the premium money paid for insurance belongs to the agent and, therefore, it was joint property. We do not think that is the right conclusion. The premium money belonged to the insurance companies and they were indebted to defendant for a certain percentage thereof as his commission. The statute 15336 seeks to, and does, take care of just such a claim as this when embezzlement is charged.

5. The trial court refused to allow defendant to show: (1) That he had taken out a life insurance policy payable to the stockholders of the J. C. Hatfield Company. (2) Refused to allow him to testify as to the renewal value of the insurance business. (3) And refused to allow him to testify when he was arraigned.

The exclusion of these items of testimony is complained of as error. The court excluded them on the ground that they were immaterial. The rulings were proper. Had these facts been shown they would have been no help to the jury in determining the guilt of the defendant.

There is very little profit in considering further the

assignments.    We are of the opinion that there
is no assignment which merits a reversal of the case.
We are impressed that the trial court conducted the
trial with care and in a very fair manner, and gave
the jury a very excellent charge.    The defendant has
no cause to complain of the treatment accorded him
on the trial.

The exceptions are overruled and the trial court will
proceed to sentence.

SHARPE, J., concurred with BIRD, C. J.    STEERE,.
CLARK, and MCDONALD, JJ., concurred in the result.

WIEST, J. (*dissenting*).    For error assigned, and
not discussed in the opinion prepared by the Chief
Justice, I think the conviction should be reversed.

The statute, 3 Comp. Laws 1915, § 15336, relating to
embezzlement, provides:

"That failure, neglect, or refusal of such officer,
agent, clerk, servant, employee, lessee, attorney-at-law,
or other person to pay, deliver or refund to the proper
person, company or copartnership such money or goods
entrusted to his care, upon demand, shall be *prima
facie* proof of intent to embezzle."

Error is assigned on the following instruction given
the jury by the trial judge:

"You may well inquire what is meant by the phrase
in the section just cited wherein it is said that 'proof
of any such demand shall be *prima facie* proof of in-
tent to embezzle.'    What is meant by the phrase
'*prima facie* proof?'    *Prima facie* proof is that which
suffices for the proof of a particular fact until con-
tradicted and overcome by other evidence.

"The respondent has been sworn in his own be-
half and has given testimony which is entitled to your
fair consideration and for your honest judgment upon
the question in this respect, as well as in others, as
to whether or not his conduct, what he did, overcomes
the *prima facie* proof which the statute gave to the
letter of demand sent to him.    If it overcomes that,

then, of course, the *prima facie* proof is of no validity. If it does not overcome it, then the *prima facie* force, the *prima facie* proof, created by the statute in the sending of that letter would remain in full validity."

The undoubted rule in this jurisdiction is that the *prima facie* presumption, created by the statute, supplies proof of intent, in the absence of any evidence to the contrary; but this character of proof is never weighed against evidence. Such *prima facie* proof departs when evidence of any probative value appears, and from then on the issue is determined solely by the evidence submitted in the case.

Defendant was not in law required to not only contradict but to *overcome* the fiat presumption or else have it stand against him, for this would permit the weighing of the presumption against the evidence and admit of a finding of intent based on a presumption challenged by or even opposed to the evidence.

It was error to make an issue between a mere presumption and evidence of probative value and instruct that, if the testimony offered did not contradict and overcome the presumption, then the *prima facie* proof, supplied by the statutory provision, was decisive.

This left the jury to weigh the presumption against the evidence.

In *Gillett* v. *Traction Co.*, 205 Mich. 410, this court said:

"It is now quite generally held by the courts that a rebuttable or *prima facie* presumption has no weight as evidence. It serves to establish a *prima facie* case, but if challenged by rebutting evidence, the presumption cannot be weighed against the evidence. Supporting evidence must be introduced, and then it becomes a question of weighing the actual evidence introduced, without giving any evidential force to the presumption itself."

In *Union Trust Co.* v. *American Commercial Car Co.*, 219 Mich. 557, we had this question presented:

"Counsel for plaintiff also claim the court was in error in not leaving the case to the jury, insisting that the jury might not have accepted the testimony, and plaintiff could have prevailed in such event upon the presumption that the truck was being driven with the consent and knowledge of defendant."

We made answer by the following short statement of the rule:

"Presumptions lose all force and application when specific facts are shown."    Citing authority.

In *Depue* v. *Schwarz,* 222 Mich. 308, we again stated the rule.

For the error pointed out the conviction should be set aside and a new trial granted.

SNOW and FELLOWS, JJ., concurred with WIEST, J.