PEOPLE *v*. ROSE.

1. JURY—TRIAL—VOIR DIRE EXAMINATION—DISCRETION OF COURT.
  The trial judge may limit, reasonably, the extent of the *voir dire* examination of jurors.

2. SAME — CRIMINAL LAW — VOIR DIRE EXAMINATION—PEREMPTORY CHALLENGES—WAIVER.
  In trial of one charged with crime, alleged errors in restriction or extension of *voir dire* examination were waived where appellant failed to exhaust his peremptory challenges.

3. APPEAL AND ERROR—BURDEN OF ESTABLISHING ERROR.
  Burden of establishing error on appeal in the nature of a writ of error is on the party who claims it.

4. CRIMINAL LAW—DIRECTION OF ACQUITTAL—EVIDENCE.
  Verdict of acquittal of a crime should not be directed where there is direct evidence of defendant's guilt, since the credibility of witnesses and weight to be given the testimony are matters for consideration by the jury.

5. INDICTMENT AND INFORMATION—INDORSEMENT OF NAMES OF WITNESSES.
  Failure of court to require that prosecuting attorney indorse names of eyewitnesses to alleged assault with intent to do great bodily harm less than the crime of murder charged in first count of information *held*, not prejudicial, where defendant was acquitted on that count, although convicted under second count charging that he went armed with a dangerous weapon.

6. SAME—ELECTION BETWEEN COUNTS.
  Although information may not charge two or more separate and distinct offenses, an election between the counts thereof may not be compelled where the different offenses charged grow out of the same transaction and are covered by the same testimony (3 Comp. Laws 1929, § 17289).

7. SAME—CONVICTION OF LESSER OFFENSE.
  Conviction may be had of lesser offense not charged in information where it is necessarily included within greater offense that is charged.

8. CRIMINAL LAW — OTHER OFFENSES — DANGEROUS WEAPONS — EQUALLY DIVIDED COURT.

Rejection of testimony proffered to impeach rebuttal witnesses asserting defendant had had a chain blackjack in his possession on prior occasions after his denial of same is affirmed by an equally divided court. Per NORTH, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ.

9. INDICTMENT AND INFORMATION—INDORSEMENT OF NAMES OF REBUTTAL WITNESSES.

Rule as laid down by statute requiring that names of witnesses known to prosecuting attorney at time of filing information must be indorsed thereon extends to rebuttal witnesses, if known, since it is as important to impeach them as any other (3 Comp. Laws 1929, § 17254).

10. SAME—ADDITIONAL WITNESSES.

Leave of court upon adequate showing made and notice to defendant are prerequisites to indorsement of names of additional witnesses during the course of the trial.

11. CRIMINAL LAW—ORDER OF PROOF.

While the order of introduction of testimony is a matter largely in the discretion of the trial court and such discretion will not ordinarily be interfered with, defendant is entitled to fair trial and have all the testimony in chief introduced in its proper order.

Appeal from Newaygo; Pugsley (Earl C.), J. Submitted June 14, 1934. (Docket No. 133, Calendar No. 37,525.) Decided October 1, 1934.

John W. Rose was convicted of going armed with a dangerous weapon. Reversed, and new trial granted.

*Maurice Sugar* and *John Safran,* for appellant.

· *Patrick H. O'Brien,* Attorney General, *Stanley B. Streeter,* Prosecuting Attorney, and *Harry D. Reber,* Special Assistant Prosecuting Attorney, for the people.

POTTER, J.  Defendant was arrested and informed against, charged in the first count of the information with assault with intent to do great bodily harm, less than the crime of murder; and in the second count with going armed with a dangerous weapon, to-wit, a chain blackjack, contrary to the form of the statute, etc.  On trial defendant was convicted under the second count in the information and on appeal assigns 113 errors.  These may be grouped under a few heads.

It is claimed the trial court excluded questions to certain jurors which might have been a proper ground for peremptory challenge.  The trial judge must be allowed to place some limit upon the extent of such examination.  *Ford* v. *Cheever,* 113 Mich. 440.

(a)  A large discretion is vested in the trial court as to the scope of examination of jurors on their *voir dire.*

(b)  Even though the trial court improperly and erroneously restricted or extended the examination of jurors prior to their being sworn to try the case, such error is waived if plaintiff in error fails to exhaust his peremptory challenges.  *William R. Roach & Co.* v. *Blair,* 190 Mich. 11; *Link* v. *Fahey,* 200 Mich. 308; *Webster* v. *Stewart,* 210 Mich. 13.

(c)  If the objecting party afterwards expresses himself as satisfied with the jury, he thereby waives the error.  *Snyder* v. *Mathison,* 196 Mich. 378.

(d)  Though this case is here on appeal, it must be considered and disposed of the same as if it were here under writ of error, the issuance of which is an exercise of the original jurisdiction of this court and under which the burden of establishing error is on the party who claims it.

We cannot consider these assignments of error for the reason it does not appear the defendant was in any way prejudiced thereby. There is no showing defendant exhausted his peremptory challenges and no showing he was not satisfied with the jury as sworn. *Ford* v. *Cheever, supra.*

It is claimed a verdict for defendant should have been directed. There was direct evidence of defendant's guilt. The credibility of the witnesses testifying thereto and the weight of their testimony were for the jury.

Defendant asked that the names of eyewitnesses to the assault be indorsed on the information. This motion was supported by affidavit. It is claimed the failure of the court to order these names indorsed constitutes reversible error. Defendant was acquitted on the first count of the information, that is, of assault with intent to do great bodily harm less than the crime of murder, and it does not, therefore, appear defendant was prejudiced by the action of the court.

Defendant contends the information filed against him should have been quashed for the reason that it includes separate and distinct offenses arising out of different transactions and supported by different testimony, and these cannot be charged in the same information.

"The true and only just rule as regards the joinder of counts in an information or indictment seems to be, if the different counts are drawn and used with a view to one and the same transaction, so that one of them, upon the trial, may be found to meet the evidence, the court will not interfere with the proceeding, as such an object is a legitimate one. It is a proceeding calculated to promote justice, and cannot confuse or prejudice the defense of the ac-

cused. But when the object and purpose is apparent to prosecute the respondent, and such is the logical effect, for separate felonies by means of one information or indictment, the court will not permit it to be done. The prosecutor has no right to do this, as its injustice and prejudice to the accused overbalance all possible benefits to be derived to the public from such a practice." *People* v. *Aikin,* 66 Mich. 460, 470 (11 Am. St. Rep. 512).

This rule does not apply where the information charges a greater offense which necessarily includes a lesser. Under such circumstances a defendant may be convicted of the lesser offense though the same is not charged in the information. *People* v. *Prague,* 72 Mich. 178.

"The reasons are that the offense springs from the same transaction, and is supported by the same class of testimony." *People* v. *Prague, supra.*

Nor does this rule apply to different offenses, charged in separate counts, growing out of the same transaction and covered by the same testimony. In such cases the court will not quash the information nor compel an election between counts. *People* v. *Sweeney,* 55 Mich. 586; *People* v. *McDowell,* 63 Mich. 229; *People* v. *Prague, supra; People* v. *Summers,* 115 Mich. 537; *People* v. *Durham,* 170 Mich. 598; *People* v. *Warner,* 201 Mich. 547; *People* v. *Hatfield,* 234 Mich. 574; *People* v. *Lewis,* 264 Mich. 83.

The applicable statute provides:

"No indictment shall be quashed, set aside or dismissed for any one or more of the following defects: (first) That there is a misjoinder of the parties accused; (second) That there is a misjoinder of the offenses charged in the indictment, or duplicity therein; (third) That any uncertainty exists there-

in. If the court be of the opinion that the first and second defects or either of them exist in any indictment, it may sever such indictment into separate indictments or informations or into separate counts as shall be proper. If the court be of the opinion that the third defect exists in any indictment, it may order that the indictment be amended to cure such defect.'' 3 Comp. Laws 1929, § 17289.

There was no error in the court refusing to quash the information or to compel an election between counts by the people.

Defendant testified he did not have a chain blackjack prior to the commission of the alleged offense. The people called certain rebuttal witnesses who testified defendant had a chain blackjack in his possession on prior occasions. Defendant sought to impeach these rebuttal witnesses by showing by other witnesses their reputation for truth and veracity was bad and they should not be believed under oath. This proffered testimony was excluded by the court.

''The purpose of any inquiry into the character of a witness is to enable the jury to determine whether he is to be believed on oath. Evidence of his reputation would be irrelevant for any other purpose. And a reputation which would not affect a witness so far as to touch his credibility under oath, could have no proper influence. * * *

''The reason given is that, unless the impeaching witness is held to showing the extent to which an evil reputation has affected a person's credit, the jury cannot accurately tell what the witness means to express by stating that such reputation is good or bad, and can have no guide in weighing his testimony. And since it has become settled that they are not bound to disregard a witness entirely, even if he falsifies in some matters, it becomes still more im-

portant to know the extent to which the opinion in his neighborhood has touched him.'' *Hamilton* v. *People,* 29 Mich. 173, 185, 186.

In the case above, the court reviewed the English authorities, and textbooks in common use, and came to the conclusion indicated. This rule has not since been departed from in this State. It was prejudicial error not to permit this impeachment.

It is alleged the court was in error in permitting witnesses to be impeached upon a collateral matter. Defendant was cross-examined in relation to his conduct on an occasion similar to that which gave rise to the offense charged in the information, at another time, in another county, and on a different occasion.

''In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant.'' 3 Comp. Laws 1929, § 17320.

The object of the statute above quoted was to make testimony relevant which might otherwise not be so; to broaden the scope of inquiry as to similar transactions; to make relevant evidence of transactions which in the absence of the statute would not be relevant. Ordinarily a witness may not be impeached upon questions relating to a separate and

distinct offense at another time and place. A witness may not be impeached upon a collateral issue. *Mills* v. *Warner,* 167 Mich. 619. But the purpose and object of the statute above quoted was to do away with the rule as to proof of other offenses and permit the introduction of such testimony even though it might show or tend to show the commission of another prior or subsequent offense by defendant.

At common law the names of witnesses were not required to be indorsed on an indictment for any purpose connected with the trial. Witnesses before a grand jury were usually sworn in open court before being sent before the grand jury and a list of such witnesses was indorsed on the back of the proposed indictment as drawn and laid before the grand jury. This was considered necessary in order that the grand jury might know what witnesses to call and what witnesses had been sworn, and that the officer whose duty it was to swear the witnesses might know who were to be called and sworn and that he might certify to their having been sworn. *Hill* v. *People,* 26 Mich. 496.

When informations were substituted for indictments by Act No. 138, Laws of 1859, it was provided the provisions of Act No. 77, Laws of 1855, relative to indictments should apply to informations. Informations were required to be filed by the prosecuting attorney who was directed to indorse thereon the names of witnesses known to him at the time of filing the same. This act with little modification, now stands as 3 Comp. Laws 1929, § 17254, as follows:

"All informations shall be filed during term in the court having jurisdiction of the offense specified therein, after the proper return is filed by the ex-

amining magistrate by the prosecuting attorney of the county as informant; he shall subscribe his name thereto, and indorse thereon the names of the witnesses known to him at the time of filing the same. Names of other witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine.''

''While there are some good reasons to require the indorsement of the names of such witnesses as are known to the prosecuting attorney prior to the commencement of the trial, and which he then expected to have sworn, we can discover no reason founded on justice or common sense, for requiring the indorsement of such as the prosecutor, during the progress of the trial, shall happen to discover to be important witnesses, or for the exclusion of such witnesses upon such ground. And we think it would be exceedingly pernicious in the administration of criminal law, to recognize such an objection. Should a criminal go unpunished because all the evidence of his guilt has not come to the knowledge of the prosecuting attorney before the commencement of the trial, when it is always the interest of criminals to conceal all knowledge of this kind, and when the guilt of the prisoner can be proved beyond doubt, by evidence which the prosecuting attorney has discovered during the progress of the trial?

''This would be a new feature in the administration of the criminal law, which no court ought ever to adopt without the express requirement of the legislature, and which we cannot suppose any intelligent legislature will be likely to adopt, with any reference to an honest administration of justice.'' *Hill* v. *People, supra,* 499.

The statute has been frequently before the court. It is mandatory that the prosecuting attorney indorse on the information the names of the witnesses known to him at the time of filing the same. The

statute grants to defendant substantial rights; to be informed of the nature of the accusation against him and to have the names of the witnesses who are to be produced in order that he may properly prepare for trial by knowing something of the history, antecedents and character of the witnesses who are to be produced.

"The object of this is not merely to advise a respondent what witnesses will be produced on the main charge. It is to guard him against the production of persons who are unknown, and whose character he should have an opportunity to canvass." *People* v. *Quick,* 58 Mich. 321.

"The right of the defendant to know the witnesses to be called against him is a substantial one, and the statutory requirement should be faithfully observed by the prosecuting attorney." *People* v. *Tamosaitis,* 244 Mich. 258; *People* v. *Koukol,* 262 Mich. 529 (87 A. L. R. 878).

The same rule which requires names of the witnesses in chief to be upon the information requires the indorsement of rebutting witnesses if known.

"It is as important to impeach a rebutting witness as any other." *People* v. *Quick, supra.* See, also, *People* v. *Smith,* 257 Mich. 319.

Intimately connected with this assignment of error is that based upon the fact the prosecuting attorney indorsed witnesses upon the information without notice to defendant and without any adequate showing.

In *People* v. *Smith, supra,* 325, it was said:

"No request to the court was made to add her name to the information and no excuse appears in the record or in the people's brief for not having done so as soon as her testimony was discovered.

In the language of Justice Campbell, 'this was an unfair suppression, in contravention of law.' (*People* v. *Hall,* 48 Mich. 482, 488 [42 Am. Rep. 477].) It was said in *People* v. *Quick,* 58 Mich. 321:

" 'We have held on several occasions that the defendant has a right to know in advance of the trial what witnesses are to be produced against him, so far as then known, and to have any new witnesses indorsed on the information as soon as discovered.'

"This right of a defendant in a criminal case to know in advance what witnesses are to be produced against him is a substantial right, not a mere formality. *People* v. *Hall, supra.*

"So strictly has the court upheld this right that in *People* v. *Moran,* 48 Mich. 639, a conviction for burglary was set aside because the prosecuting attorney, during the trial, indorsed the names of additional witnesses on the information without first having obtained leave of the court. And as recently as 1928 this court said in *People* v. *Tamosaitis,* 244 Mich. 258:

" 'The right of the defendant to know the witnesses to be called against him is a substantial one, and the statutory requirement should be faithfully observed by the prosecuting attorney.' "

It is claimed by defendant the court was in error in permitting evidence properly introduced in chief to be introduced as rebutting testimony; that this was a surprise to defendant and a violation of the order of proof prevalent in criminal trials. The order in which testimony shall be introduced is largely in the discretion of the trial court, and this discretion will not ordinarily be interfered with. 4 Encyc. of Evidence, p. 651; 9 Encyc. Evidence, p. 236; 3 Wigmore on Evidence (1st Ed.), § 1871. As said in 3 Wigmore on Evidence (1st Ed.), § 1867:

"There may occur instances where an opponent has been unfairly deprived of showing the truth by reason of such a variation of the customary order of evidence; but the trial court can better be trusted

to understand the situation. The doctrine of new trials is not within the present purview; but no opportunity should be lost to rebuke the abuse by which these rules of customary order are sought to be turned into inflexible dictates of absolute justice, and new trials are asked merely because an unusual sequence of evidence was adopted. Courts often lend ear to such appeals, and thereby partake in the abuse of such a practice. To purport to preside over the investigation of truth, and then, at an inordinate expense of time, labor, and money, to insist on reopening the entire investigation because a minor witness has been asked a minor question some half-hour before he should have been asked, is to furnish a spectacle fit to make Olympus merry over the serious follies of mortals."

But notwithstanding this general principle, defendant is entitled to a fair trial and to have the testimony introduced in its proper order.

"In the present case, however, the witnesses who were received as rebutting witnesses were not such. They were called to prove what belonged to the people's case in chief. Cases may sometimes arise where testimony which could not be had in the opening may be let in upon good cause shown thereafter. But it is not proper to divide up the testimony on which the people propose to rest their case, and nothing which tends to prove the commission of the crime itself or its immediate surroundings can be classed as rebutting evidence under ordinary circumstances, if at all." *People* v. *Quick, supra.*

For the errors above indicated conviction is reversed, and new trial granted.

NELSON SHARPE, C. J., and FEAD and BUSHNELL, JJ., concurred with POTTER, J.

WIEST, J. (*concurring.*)   I concur in reversal.

For reasons stated in the prevailing opinion in *People* v. *Wysocki,* 267 Mich. 52, I do not concur in the views of Mr. Justice POTTER upon admissibility of evidence impeaching defendant's denial of the commission of a previous crime.   The inquiry was, perhaps, proper. on cross-examination but, upon his denial, it could not be made an issue either for purposes of impeachment, as stated by the prosecutor, or showing intent in the case on trial.

NORTH, BUTZEL, and EDWARD M. SHARPE, JJ., concurred with WIEST, J.