PEOPLE v. SACHARCZYK

1. Criminal Law—Witnesses—Indorsement.
   Allowance of the testimony, over defendant's objection, of two unindorsed *res gestae* witnesses in rebuttal *held*, reversible error, where the witnesses had not appeared before, no attempt had been made to indorse the witnesses, and no legal cause explaining the prosecution's failure to indorse was evident in the record.

2. Criminal Law—Evidence—Rebutting Testimony.
   Rebutting testimony which tended to prove surrounding circumstances of the crime of resisting a police officer in the discharge of his duty was improper (CL 1948, § 750.479).

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 April 15, 1969, at Lansing. (Docket No. 3,219.) Decided April 21, 1969. Rehearing denied May 19, 1969. Leave to appeal denied December 24, 1969. See 383 Mich 755.

Walter Sacharczyk was convicted of resisting a police officer in the discharge of his duty. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James T. Corden,*

---

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 328.
    41 Am Jur 2d, Indictments & Informations §§ 56, 60.
[2] 29 Am Jur 2d, Evidence §§ 320, 321.

Prosecuting Attorney, and *Walter W. Turton,* Assistant Prosecuting Attorney, for the people.

*Philip A. Gillis,* for defendant.

BEFORE: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

PER CURIAM. Defendant appeals his jury conviction for resisting a police officer in discharge of his duty. MCLA § 750.479 (Stat Ann 1954 Rev § 28-.747). At trial, after the defense rested, the prosecution, over defendant's objection, called two unindorsed *res gestae* witnesses in rebuttal. The allowance of their testimony was reversible error. The witnesses had not appeared before. Furthermore, no attempt had been made to indorse the witnesses and no legal cause explaining the prosecution's failure to indorse is evident in the record. See MCLA § 767.40 (Stat Ann 1969 Cum Supp § 28.980); *People v. Honenberg* (1936), 274 Mich 698; *People v. Rose* (1934), 268 Mich 529; *People v. Rimson* (1966), 3 Mich App 713. Finally, the rebutting testimony was improper, since it tended to prove surrounding circumstances of the crime. *People v. Rose, supra,* 540.

Our ruling above makes unnecessary either an enlargement of the facts or a dissection of other issues.

Reversed and remanded for a new trial.