## PEOPLE v. STARKEY

1. HOMICIDE—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY.
   The defendant in a homicide case is entitled to instructions on lesser included offenses where there is evidence to support a finding of guilty of a lesser offense.

2. HOMICIDE—MURDER—LESSER INCLUDED OFFENSES—ASSAULT AND BATTERY—INSTRUCTIONS TO JURY.
   Denial of defendant's request for an instruction on the offense of assault and battery in a prosecution for murder in the first degree was reversible error where witnesses testified they had seen defendant strike decedent on her head and there was medical testimony that a blow to the head caused death, and defendant claimed that he had only slapped decedent but that he did not cause her death, because there was a disputed factual element of a nature which would require an instruction on the lesser included offense of assault and battery (CL 1948, §§ 750.316, 750.81).

3. HOMICIDE—MURDER—INTENT—EVIDENCE—SUFFICIENCY.
   Denial of defendant's motion for a directed verdict in a prosecution for murder in the first degree on the grounds that the evidence failed to establish an intent to kill or that the

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 40 Am Jur 2d, Homicide § 529 et seq.
   Absence of evidence supporting charge of lesser degree of homicide as affecting duty of court to instruct as to, or right of jury to convict of, lesser degree. 21 ALR 603; 27 ALR 1097; 102 ALR 1019.
   Conviction of lesser offense, against which statute of limitations has run, where statute has not run against offense with which defendant is charged. 47 ALR2d 887.
[2] Inference of malice or intent to kill where killing is by blow without weapon. 22 ALR2d 854.
[3] 29 Am Jur 2d, Evidence §§ 360, 363, 364.
[4] 4 Am Jur 2d, Appeal and Error §§ 11, 17.
[5] 40 Am Jur 2d, Homicide §§ 198–200.

death was willfully caused was not error where the intent could properly be inferred from testimony that defendant had attacked decedent on at least four successive occasions and that he had threatened to kill her (CL 1948, § 750.316).

4. APPEAL AND ERROR — CRIMINAL LAW — EVIDENCE — CONFLICTING EVIDENCE.

Appellate courts do not determine questions of fact in criminal cases where there is conflicting evidence and will only say that, under the law, no crime has been committed when the facts are undisputed.

5. HOMICIDE—DEATH—OTHER STATES—JURISDICTION.

Michigan courts have jurisdiction over homicides where the cause of death occurs in the State of Michigan even though actual death may occur in another state.

Appeal from Berrien, Philip A. Hadsell, J. Submitted Division 3 November 6, 1969, at Grand Rapids. (Docket No. 7,076.) Decided December 4, 1969.

Wyatt Harold Starkey was convicted of manslaughter. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney and *Wilbur Schillinger,* Assistant Prosecuting Attorney, for the people.

*Alfred M. Butzbaugh,* for defendant on appeal.

Before: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

FITZGERALD, P. J. Defendant Wyatt Harold Starkey was convicted by a jury of manslaughter pursuant to CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553), the victim being Malinda Reid, with whom

he lived. He was sentenced to 3 to 15 years imprisonment.

An examination of the record, including testimony elicited from witnesses, discloses the facts which led to this unfortunate event. On May 29, 1966, defendant saw Malinda Reid in a pool hall, apparently making amorous advances toward Washington Smith. Defendant entered the pool hall, slapped the deceased twice across the face with his open hand, and then retired from the premises. Further testimony revealed that once the pair were outside, Starkey again slapped her across the face, banged her head on the rear of a car, hit her in the head with his knee and kicked her, whereupon she staggered away and defendant went home.

The deceased returned to her home late that same evening and fell to the floor in the living room. The next morning, since defendant and others were unable to rouse her, she was taken to a hospital in South Bend, Indiana, where she died from brain hemorrhages at 9:05 p.m. on May 30, 1966.

Defendant was arrested and charged with murder in the first degree.* During the course of the trial, the jury was instructed that they could return a verdict of guilty of murder in the first degree, murder in the second degree, manslaughter, or acquittal. Defendant's counsel requested an instruction on the charge of assault and battery which was denied by the court. Defendant now brings this appeal.

Three assignments of error are raised on this appeal. Defendant challenges the denial of an instruction on a charge of assault and battery; the refusal of the trial court to grant a directed verdict on the charges of first-degree murder and second-degree murder; and the jurisdiction of the Michigan

---

* CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).

courts over the alleged homicide itself since the deceased died in Indiana.

During the trial, defendant admitted slapping Mrs. Reid inside the pool hall but denies subsequent blows and, in effect, proclaimed his guilt of the crime of assault and battery. However, defendant contends that the beating was not the proximate cause of death, but was in fact a result of the fall to the floor in their home that evening. Both the neurosurgeon and pathologist who were involved in the case testified that Mrs. Reid's death was caused by a blow to the head. The testimony of the pathologist, Dr. McBride, indicated that the most likely place for the fatal blow was the left frontal area of the head.

Defendant's own testimony indicated that Mrs. Reid had returned home late that same evening. Defendant was in the bedroom and testified that he heard her fall in the other room, possibly striking an electric fan as she fell and inflicting the soon-to-be-fatal injury.

On the basis of the testimony presented, though partly defendant's own, we hold that *People* v. *Loncar* (1966), 4 Mich App 281, is applicable since here was a disputed factual element of such a nature as would require the trial court to instruct the jury on the lesser included offense of assault and battery. Also applicable is the statement from 40 Am Jur 2d, Homicide, § 535:

"As a rule, a defendant in a homicide case is entitled to instructions on a lesser included crime where there is evidence in the record to support a finding of guilt of that offense. In a jurisdiction wherein a statute permits a defendant to be found guilty of any offense necessarily included in that with which he is charged, it has been held error to

refuse to instruct the jury that a defendant charged with voluntary manslaughter might be found guilty of assault and battery or of assault."

Defendant, in his second assignment of error, challenges the trial court's denial of his motion for a directed verdict at the conclusion of plaintiff's case. He avers that there was no evidence of an intent to kill or that the death was willfully caused. This position is without merit, for the facts as elicited can lead to an opposite conclusion. Defendant's attacks upon the deceased were not isolated, for they were renewed on at least four occasions. There is also the testimony of a *res gestae* witness, Willie Givens, that defendant told the deceased that he was going to kill her. The case of *People* v. *Hubbard* (1892), 92 Mich 322, is applicable and controlling on this particular issue.

"It is not the province of this Court to determine questions of fact in criminal cases, where there is any conflict of evidence. * * * Only when the facts are undisputed should the court say that, under the law, no crime has been committed."

Most definitely a factual issue was raised in the instant case regarding defendant's premeditation or willfulness. Hence, the trial court was correct in denying the motion. See, also, *People* v. *Rose* (1934), 268 Mich 529.

Lastly, defendant contends that the Michigan courts did not have jurisdiction over the homicide since death occurred outside the State. He suggests that the place of death is the controlling factor in the determination of jurisdiction.

This identical state of events, blows in Michigan and death in Indiana, is dealt with in *People* v. *Duffield* (1969), 20 Mich App 473, wherein we held

that Michigan courts have jurisdiction in such a situation.

Reversed and remanded for new trial.

All concurred.