*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRAD STEPHEN HAYNIE,

        Defendant-Appellant.

FOR PUBLICATION
April 16, 2019

No. 340377
Macomb Circuit Court
LC No. 2016-000712-FC

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

GLEICHER, J. (*dissenting*).

The majority holds that assault and battery is not a necessarily included offense of assault with intent to commit murder, and that no rational view of the evidence in this case could support a conviction for assault and battery. I respectfully dissent from both holdings.

I

Advancing no analysis, the majority reaffirms this Court's holding in *People v Ross*, 73 Mich App 588, 592; 252 NW2d 526 (1977), that "[a]ssault and battery is not an offense necessarily included within the crime of assault with intent to murder." *Ross*'s reasoning rested on a 1975 case called *People v Ora Jones*, 395 Mich 379; 236 NW2d 461 (1975). But *Ora Jones* is no longer the law. The case that overruled it—*People v Cornell*, 466 Mich 335; 646 NW2d 127 (2002)—instructs that a much older Michigan case, *Hanna v People*, 19 Mich 316 (1869), correctly describes the process for determining whether a crime is a lesser included offense. And *Hanna* holds that assault and battery *is* a lesser included offense of assault with intent to commit murder.

In *Cornell*, the Supreme Court examined this State's lesser included offense jurisprudence, found it in disarray, and retethered the law to the language of a statute first enacted in 1846. That statutory language remains substantially similar, in relevant part, today:

> [U]pon an indictment for an offense, consisting of different degrees, as prescribed
> in this chapter, the jury, or the judge in a trial without a jury, may find the accused
> not guilty of the offense in the degree charged in the indictment and may find the

accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense. [MCL 768.32(1).]

Based on the statute, the *Cornell* Court concluded that a defendant is entitled to a requested instruction on a necessarily included lesser offense "if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *Cornell*, 466 Mich at 357.

Our Supreme Court recently reaffirmed *Hanna*'s contribution to lesser included offense calculations, noting that "*Cornell* returned MCL 768.32(1) to its original construction as given by this Court in *Hanna*[.]" *People v Jones*, 497 Mich 155, 165; 860 NW2d 112 (2014). *Hanna* answers the question presented in this case.

According to the opinion's syllabus, John Hanna, was charged with assault with intent to commit murder after he beat John Shine with a piece of iron. *Hanna*, 19 Mich at 316. Over Hanna's objection, the prosecuting attorney requested that the court charge the jury on assault and battery in addition to assault with intent to commit murder. *Id*. at 317. The jury acquitted Hanna of assault with intent to commit murder, but convicted him of assault and battery. *Id*. Hanna appealed. The Supreme Court held that assault and battery is a lesser included offense of "assaults with various degrees of aggravation," including assault with intent to commit murder:

> [A]ssaults are substantially and in effect divided by the statute into degrees; and that an indictment for any of the higher grades, or assaults with various degrees of aggravation, must include the inferior degree of simple assault; or, if the higher degree is charged, including a battery, as in the present case, the simple assault and battery are included, and that the defendant may be convicted of the included offense under this section. [*Id*. at 322.]

The Supreme Court reaffirmed that holding in *People v Prague*, 72 Mich 178, 180; 40 NW 243 (1888), and has never retreated from it.[1]

By reinvigorating *Ross* the majority contravenes our Supreme Court's opinions in *Hanna*, *Prague*, and *Cornell*. But that isn't the majority's only error.

---

[1] The majority faults me for "relying merely" on *Hanna*'s "syllabus." The majority is in error. Only the facts surrounding Hanna's prosecution were drawn from the syllabus. The holding and analysis are contained within the opinion of the Court. Further, I am unaware of any rule of law directing that the clear and unambiguous holding of a case decided by our Supreme Court 150 years ago may be disregarded due to its age. I had thought that the rule of *stare decisis* requires us to adhere to the law as given us by the Supreme Court, regardless of when the governing case was decided. The majority's quarrel with relying on a case "now 150 years old" is ultimately inconsequential, as the Supreme Court reinvigorated *Hanna* only 17 years ago, in *Cornell*.

## II

Logical and legal principles dictate that in this case, the judge should have instructed on the lesser included offense of assault and battery. Under *Cornell*, the question to be answered is: does assault with intent to commit murder (the charged greater offense) require the jury to find a disputed factual element that is not part of assault and battery (the asserted lesser included offense). The answer is yes, and the disputed element is intent to kill.

The majority holds that "because of the brutality of the assault, no rational view of the evidence could support a finding of simple assault and battery." I respectfully disagree, as there is no quantum of injury necessarily associated with an assault and battery. An assault and battery can result in horrific injuries, including death. For example, in *People v Datema*, 448 Mich 585; 533 NW2d 272 (1995), the Supreme Court held that a conviction for involuntary manslaughter may be premised on an assault and battery. Rather than the severity of injury, what distinguishes an assault and battery from an assault with intent to commit murder is the perpetrator's intent. The former crime requires proof that the defendant intended to commit a battery. To prove assault with intent to commit murder, the prosecutor must convince the jury that the defendant intended to kill the victim.

Defendant's intent was at the center of this case. Although the prosecution charged defendant with harboring an intent to kill his mother, the jury found him guilty but mentally ill of the lesser included offense of assault with intent to do great bodily harm less than murder. Defendant's mother testified that she believed her son did not intend to kill her, or even to grievously wound her:

> Q. Do you think he intended to cause you great bodily injury?

> A. Never. He's gone out of his way his whole life, even as a toddler, to keep me from any kind of pain.

In my view, this testimony would have permitted a jury to convict defendant of assault and battery, or guilty but mentally ill of assault and battery. Defense counsel's request for an assault and battery instruction should have been granted, as a rational view of the evidence supported it. I would reverse defendant's conviction on this ground and remand for a new trial.

/s/ Elizabeth L. Gleicher